*627
 
 Day, J.
 

 The first proposition advanced by the plaintiff in error is that the plaintiff’s petition did not state a cause of action; that the demurrer thereto should have been sustained; and that judgment should have been rendered for the motor company notwithstanding the verdict.
 

 The claim of Winter is based upon the right to bring suit for damages due to the alleged violation of a lawful requirement, as provided for in Section 1465-76, General Code. The Legislature, by the Act of April 20,1921 (109 Ohio Laws, 181), Section 1465-68a
 
 et seq.,
 
 General Code, made provision for compensation for injuries due to occupational diseases. Lead poisoning is one of those expressly named.
 

 Section 1465-686 of the act of 1921 provided that the provisions of the Workmen’s Compensation Act in Sections 1465-44, to and including Section 1465-108, General Code (excepting Section 1465-90), should apply to cases of occupational diseases. It therefore follows that the relief provided for in Section 1465-76, General Code, includes cases based upon occupational diseases, where the injury was due to the violation of a lawful requirement.
 

 The evidence offered at the trial tends to prove the averments of the plaintiff’s petition as to the failure of the employer to furnish the plaintiff with the necessary and proper appliances to protect him from the lead poisoning which was incident to the plaintiff’s employment, and that the motor company failed and neglected to use proper appliances and methods to eliminate or reduce the danger of contracting such occupational disease, and, further, the record contains evidence tending to show that such disease, contracted by the plaintiff in the course of
 
 *628
 
 his employment, resulted from the failure of the defendant to comply with safety regulations. All of this was denied by the Maxwell Company, and, the evidence being conflicting, the trial court was justified in submitting the matter to a jury. It was their province to weigh and consider the same, determining what their verdict should be upon such issue.
 

 Plaintiff in error places considerable reliance upon the phrase in Section 1465-76, General Code, “then in such event, nothing in this act contained shall affect the civil liability of such employer,” it being its contention that there is no common-law liability for disability due to occupational disease, even though the same is caused by violation of a lawful requirement.
 

 We are not disposed to place such a construction upon the language of Section 1465-76, above quoted, which would make the same so inconsistent with Section 1465-68a
 
 et seq.
 
 The Legislature, by the Occupational Disease Act, intended to create and to give to an employee suffering from an occupational disease certain rights not theretofore existing, to wit, all the rights that an injured employee had under the Workmen’s Compensation Act, exclusive of Section 1465-90, General Code. Therefore, Section 1465-76 should be read in conjunction with Section 1465-68a
 
 et seq.,
 
 as though it provided, “where a personal injury or disability due to occupational disease is suffered by an employee, etc. ’ ’ and, if this language, “disability due to occupational disease,” is carried through the section, it creates for such employee, where disability due to an occupational disease is caused by the violation of a lawful requirement, the right to either be compensated under the act or- to
 
 *629
 
 institute proceedings in the courts for his damages on account of such disability due to occupational disease.
 

 This was the creation of a right not theretofore existing, and the intent of the Legislature to create the same is clear and manifest, in this, that it is not to be presumed that one individual suffering a disability from an occupational disease, due to the violation of a lawful requirement, should receive compensation under the Workmen’s Compensation Act, if he so elects, and another employee in the same situation be denied the right to recover, because he had exercised his lawful rights, under Section 1465-76, General Code, to institute a proceeding in court for his damages on account of his disability due to occupational disease, occasioned by the violation of a lawful requirement. We think the Legislature never intended such discrimination, and our conclusion is that, by the Occupational Disease Act (Section 1465-68o
 
 et seq.),
 
 a new right to recover was created.
 

 The phrase in Section 1465-76, “nothing in this act’ contained shall affect the civil liability of such employer,” first enacted in 1913 (Í03 Ohio Laws, 84), Section 29, and which was contained therein prior to enactment of the Occupational Disease Act of 1921 (109 Ohio Laws, 181), evidently refers to the provisions found in Section 1465-70, General Code, which declares that no employer who complies with the provisions of the Workmen’s Compensation Law shall be liable to respond in damages to common law or by statute, and relates to conditions and laws existing prior to the enactment of the Occupational Disease Act, Section 1465-68u
 
 et seq.
 
 The later en
 
 *630
 
 actment, if there be such a conflict as plaintiff in error claims, must be held to control, and such effect given to the intention of .the Legislature as to accomplish the plain purpose of the act, to wit, to give a right of action in' occupational disease cases.
 
 Thornily, Aud.,
 
 v.
 
 State, ex rel. Dickey,
 
 81 Ohio St., 108, 90 N. E., 144;
 
 Lehman
 
 v.
 
 McBride,
 
 15 Ohio St., 573, 605. We are therefore of opinion that the courts below properly regarded the petition as stating a cause of action and submitted to the jury the issues tendered.
 

 The second proposition of plaintiff in error was that Winter had not been within the state a sufficient length of time before the disability arose to wit, 90 days or more.
 

 The statute (Section
 
 1465-68a)
 
 provides that such disabled employee must have resided within the state “for ninety days next preceding the filing of a claim.” Section 1465-726 limits the time within which claims may be filed with the Industrial Commission of Ohio, or with the employer, in the event such employer has elected to pay compensation direct, to the period of 4 months after the disability due to the disease began, except in such cases as are provided for in Section 1465-82.
 

 This record shows that on November 20, 1923, Winter became disabled. It is true that at that time he had no right to file a claim, because he had not resided in the state for 90 days. However, the 4-month limitation period began to run, and on December 21, 1923, he completed his 90-day residence period, and, the limitation of the 4 months not having yet expired, he had until March 20, 1924, either to file his claim or to institute proceedings in the
 
 *631
 
 courts for his damage. If he elected, however, to bring an action at law, he had been a resident of the state for more than 90 days at the time the present action was brought, and was within the general statute of limitations for bringing such action. Plaintiff in error’s proposition No. 2 as a ground for reversal must therefore be denied.
 

 The third proposition urged by the plaintiff in error is that the plaintiff below has failed to charge or prove the breach of a lawful requirement.
 

 The sections of the General Code which defendant in error claims were violated by the motor company are Sections 871-15 and 871-16. It was also pleaded that the safeguards for the safety of the employee engaged in such work were generally known, and were in general industrial use at the time of the grievances complained of, and could have been used without materially impairing the efficiency of plaintiff in error’s manufacturing operations.
 

 As heretofore stated, there is testimony in the record tending to support these allegations, and our conclusion is that the breach of a lawful requirement was properly pleaded, and evidence in the record tending to support such allegations sufficient to sustain the conclusion of the jury was properly submitted to the jury.
 

 The fourth proposition urged by the plaintiff in error goes to the weight of the evidence submitted to the jury in the trial court on the issue of mental capacity, as raised by the amended reply.
 

 It is entirely a question of fact whether plaintiff below had sufficient mental capacity to understand the nature of the transaction when he received these checks, and whether he voluntarily and knowingly
 
 *632
 
 accepted this compensation and gave a receipt therefor, and whether the same amounted to an election upon the part of Winter. This being a question of fact, this court not weighing the evidence tendered by the parties upon this issue, and there being some evidence in the record to support the finding of the jury thereon, we find ourselves in no position to disturb the judgment upon this ground.
 

 We have examined the charge of the court, which is quite full and exhaustive. The chief criticism of the charge is that the court charged conjunctively regarding the filing of a claim and the acceptance of
 
 compensation;
 
 but, when this portion of the general charge is taken in conjunction with the special charges 1 and 2, requested by defendant, we are of opinion that the jury was not misled thereby, but that special request No. 1 clearly differentiated between making an application for an award of compensation and, as set forth in the second request, the acceptance of compensation paid to him by or on behalf of the Maxwell Motor Corporation. The charge appears to have been carefully given, and we see no prejudicial error therein.
 

 The sixth and final ground of plaintiff in error for reversal is the exclusion of testimony of the witness Dr. Suffron as to what Winter is claimed to have told the doctor'in reference to his physical condition prior to entering the employ of the defendant company.
 

 Whether or not the sustaining of the objection to this, made by the plaintiff below, was prejudicial, we are unable to determine, for the reason that there is no offer to prove what the doctor might have testified. Under the authorities in Ohio, we do not
 
 *633
 
 feel that we may disturb the judgment upon this ground. ‘ ‘ The rule requires a profert of the desired evidence, in order that, a reviewing court can determine whether or not the action of the trial court was prejudicial.”
 
 Smith
 
 v.
 
 Rhodes,
 
 68 Ohio St., 500, 505, 68 N. E., 7, 8. See, also,
 
 Gandolfo
 
 v.
 
 State,
 
 11 Ohio St., 114;
 
 Hummel
 
 v.
 
 State,
 
 17 Ohio St., 628;
 
 Neff
 
 v.
 
 City of Cincinnati,
 
 32 Ohio St., 215;
 
 Bean
 
 v.
 
 Green,
 
 33 Ohio St., 444.
 

 Entertaining the view that this record does not contain error prejudicial to the rights of the plaintiff in error justifying a reversal of the judgment, it' follows that the same must be, and it is hereby affirmed.
 

 Judgment affirmed.
 

 Marshall, O. J., Allen and Kinkade, JJ., concur.
 

 Robinson, Jones and Matthias, JJ., dissent from propositions 1," 2, and 4 of the syllabus, and from the judgment.