## KENTON SAVINGS BK & TRUST CO v SMICK etc

Ohio Appeals, 3rd Dist, Hardin Co
No. 216. Decided January 6, 1930

Mr. C. W. Faulkner, Kenton, for Savings Bk & Trust Co.

Messrs. John H. Smick and Price & Price, Kenton for Smick etc .

HUGHES, J.

The position taken by defendant is that it had no knowledge of the insolvency of the bankrupt at the time judgment was entered on its note. And that if this be true, the advantage procured by the levy and sale of the property thereafter, would not avoid the preference procured thereby.

It is conceded in argument that if the defendant had knowledge of the insolvency of the bankrupt at the time this judgment was procured, and knew that by the steps contemplated thereunder it would receive a preference over other creditors, then under such circumstances the trustee would be entitled to recover.

The problems suggested: i. e., "that if the defendant had no knowledge of the insolvency of the bankrupt at the time its judgment was taken, then the after-proceedings resulting in the sale and procurement of the proceeds of sale on its claim, cannot be avoided", is not necessary or important to discuss because there was evidence submitted to the court upon the issue of fact as to whether or not the defendant had knowledge of the insolvency of the bankrupt before taking judgment, and was found in favor of the plaintiff.

The case of **Dean v. King, 22 OS. 118, 134,** applies clearly to this case because there is a square conflict touching this

issue of fact, and a reviewing court is not at liberty to disturb a finding under such circumstances.

The witness for the plaintiff testifies positively that about two months before the sale of the property, he informed the defendant through its president, of the insolvent condition of the bankrupt and his effort to induce a creditor to put him into involuntary bankruptcy. The witness for the defendant admits having such a conversation, but says that it was about the time the property was being sold on execution. At page 26 of the record, a question was asked this witness, whether any knowledge came to him which would lead him to believe that the bankrupt was insolvent, to which objection was made and sustained and exceptions saved. But the record does not contain any offered proof, and hence we are not informed what the testimony would have been had it been received, and no error can be founded upon this exception. **Motor Corporation v. Winter, 118 OS. 622.**

Under these circumstances, it is clear that the judgment must be affirmed.

Before Judges Hughes, Justice and Crow.