Myers, J.
 

 Relator, Frank Jonak, an employee of a complying employer under the Workmen’s Compensation Law, seeks a writ of mandamus to command the Industrial Commission of Ohio to grant him a rehear
 
 *214
 
 ing under Section 1465-90, General Code, as a basis “for further and equal prosecution of his occupational disease claim” denied by the commission on January 3, 1939. Relator in his petition further states that he filed an application for rehearing of his claim “-within the statutory required time” and that thereafter “On the 10th day of February, 1939, relator was advised by said Industrial Commission that no rehearing is provided by law in occupational disease claims, and advised to submit additional and new proof in support of his claim for compensation, and that said application for rehearing would be considered a motion to rehear his occupational disease claim, providing such additional proof were filed. Relator having no additional new proof in support of his claim filed none with said Industrial Commission, and there have been no further proceedings therein.” Relator claims that he is entitled to a writ of mandamus for the reason that he “has no plain and adequate remedy in the ordinary course of the law to compel such a rehearing under General Code Section 1465-90.”
 

 The theory upon which relator brings this action is further stated in his petition as follows: “That said statutory provision, under General Code Section 1465-90 providing for a rehearing and an appeal to a Court of Common Pleas in workmen’s compensation claims arising out of an injury, as limited and restricted by Section 1465-68&, General Code, insofar as it denies and excepts such a rehearing and appeal to the Common Pleas Court in workmen’s compensation claims arising out of an occupational disease, is arbitrary, unreasonable, does not give equal protection of the law to all persons having claims under the workmen’s compensation laws of the state of Ohio; that it is unusually * discriminatory and obnoxious, that it violates the constitutional rights of the relator under Article I, Section 16 of the Constitution of the state of Ohio, providing for remedy by due course of law without de
 
 *215
 
 nial, and denies to relator the guarantee of the equal protection of the laws under the 14th Amendment of the United States Constitution.”
 

 A demurrer was filed by the Industrial Commission on the ground that the petition does not state facts sufficient to constitute a cause of action.
 

 Relator does not claim that the entire Section 1465-686, General Code, is unconstitutional but only “insofar as it denies and excepts such a rehearing and appeal to the Common Pleas Court in workmen’s compensation claims arising out of an occupational disease.” • Relator does not ask this court to find Section 1465-90, General Code, unconstitutional, nor does he seek to have Section 1465-686, insofar as it grants rights and benefits to employees having occupational disease claims, declared unconstitutional. The only thing which relator seeks to have this court do is to nullify and erase from Section 1465-686, General Code, that part reading, “save and except Section 1465-90, General Code, which shall not apply to any case involving occupational disease.”
 

 Relator claims that his rights under Section 16, Article I of the Constitution of the state of Ohio,, are violated and that there is also denied to him the guarantee of equal protection of the laws under the Fourteenth Amendment of the Constitution of the United States. Roth claims will be considered together. Section 16, Article I of the Constitution of the state of Ohio, reads in part as follows:
 

 “All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.” In the instant case, however, that section must be construed with and in the light of Section 35, Article II of the Constitution of Ohio, authorizing laws to be passed “For the purpose of providing compensation to workmen and their dependents, for death, injuries
 
 *216
 
 or occupational disease, occasioned in the course of such workmen’s employment * * Section 16, Article I of the Constitution is general in respect to all persons of the state, while Section 35 of Article II of the Constitution applies to a special class, workmen and their dependents. While this court in
 
 Triff, Admx.,
 
 v.
 
 Natl. Bronze & Aluminum Foundry Co.,
 
 135 Ohio St., 191, 20 N. E. (2d), 232, found that “at common law an employee has a right of action against his employer for damages from an occupational disease directly caused by the latter’s negligence,” the relator does not base his claim to a remedy upon the common law. He rests his action upon statutory authority, specifically authorized by Section 35, Article II of the Constitution. Therefore, statutes enacted thereunder must govern his remedy.
 

 When Sections 1465-68a and 1465-685, General Code, were enacted they granted certain rights, not theretofore enjoyed, to employees in reference to certain occupational diseases. Counsel for relator, in oral argument, conceded that the legislation granting such rights, substantive and procedural, was a valid exercise of legislative power. Relator goes further. It was also conceded that the granting of such rights should remain a valid exercise of legislative power, irrespective of any decision this court might make in respect to the constitutionality of that part of Section 1465-685 reading, “save and except Section 1465-90, General Code, which shall not apply to any case involving occupational disease.” As heretofore stated, it is this limitation upon the procedure, involving occupational disease claims, which the relator asks this court to nullify or delete from the statute and at the same time preserve in full strength and validity all other provisions of Section 1465-685. We are, therefore, not called upon to determine the constitutionality of any other part of the statutes involved. The language which relator seeks to have declared unconsti
 
 *217
 
 tutional, as used in Section 1465-686, does not
 
 grant
 
 any rights- whatever. Neither does it withhold any rights theretofore enjoyed by relator or others similarly situated. It is negative in character. It merely means that although other rights are being conferred, the right of rehearing is not being granted in such legislation.
 

 The right conferred upon employees in respect to occupational disease claims could have been granted without using the language or method found in Section 1465-686. The General Assembly could have granted such rights
 
 6y repeating in substance
 
 all of the language and provisions of the Workmen’s Compensation Law and leaving out all mention of Section 1465-90 and its provisions for a rehearing. If the General Assembly had taken such a laborious process, instead of the short adopting method actually used, could the relator ask this court to grant a right withheld from him by the General Assembly? The legislation in question here contravenes neither the state nor federal Constitution.
 

 It developed in oral argument that the phraseology in Section 1465-686, General Code, which relator seeks to have this court nullify, was sought to be repealed in recent sessions of the Ohio General Assembly. It appears that in both the 91st and 93rd sessions of the General Assembly a measure was introduced to effectuate such purposes but the General Assembly refused to enact such measure. Manifestly, the remedy here sought is one for the Legislature and not for the courts. “The right of appeal is a statutory right and by legislative action this right may be given or denied.”
 
 Industrial Commission
 
 v.
 
 Monroe,
 
 111 Ohio St., 812, at 813, 146 N. E., 213.
 

 Another reason urged in support of the demurrer is that the petition fails to make the Industrial Commission of Ohio a party defendant. Attention is called to the fact that the caption merely reads, “J. W.
 
 *218
 
 Beall, Will T. Blake, Clarence H. Knisley, as members of the Industrial Commission of Ohio, defendants.” This is not a fatal defect. The first sentence of plaintiff’s petition clearly indicates that the action is being instituted against the Industrial Commission of Ohio as a legal entity. Such objection does not merit further discussion.
 

 Where the General Assembly, by appropriate legislation authorized by the Constitution, grants certain rights to employees in respect to occupational disease claims, and at the same time withholds certain other rights, this court in a mandamus action cannot grant such rights which the Legislature failed to give. We hold that the General Assembly was within its constitutional authority in the enactment of that part of Section
 
 1465-68b,
 
 General Code, questioned by relator in the instant case.
 

 The petition of the relator failing to state facts sufficient to constitute a cause of action, the demurrer thereto will be sustained and, the relator not desiring to plead further, the writ denied.
 

 Writ denied.
 

 Weygandt, O. J., Zimmerman, Williams, Matthias and Hart, J J., concur.
 

 Day, J., not participating.