42

David E. Evans, Columbus, and David A. Peiros, Columbus, for plaintiff-relator.

Thomas J. Herbert, Attorney General, Columbus, and E P. Felker, Asst. Atty. General, Columbus, for defendant-respondent.

**STATE ex LOURIN v INDUST. COMM.**

Ohio Appeals, 2nd Dist, Franklin Co

No 3308. Decided Jan 28, 1941

## OPINION

By GEIGER, J.

This matter has its inception in this Court, wherein the relator files a petition praying that a writ of mandamus may issue commanding The Industrial Commission of Ohio to take certain action prayed for by the relator. The petition states that the Columbus Malleable Iron Company employed Stanley Lourin, the husband of the relator, and paid into the Industrial Commission money for the purpose of insuring its employees; that Stanley Lourin at all times was employed by the Columbus Malleable Iron Co. so insured by the In-

dustrial Commission; that from the year 1930 to September 3, 1937, while working for said Company, in the course of his employment, the relator's husband worked as a bench molder, making molds from sand, his occupation compelling him to work in dust, to which he was exposed, which resulted in his contracting silicosis; that he died on September 15, 1938, from silicosis; that she made application as widow of the decedent to the Commission to be reimbursed for expenses she incurred in his care and funeral expenses, and that the Commission on June 2, 1939, made an order to the effect that the Commission finds that decedent's death was the result of silicosis contracted in the course of and arising out of his employment; that the applicant, Elizabeth Lourin, was his widow, wholly dependent upon him; that the maximum amount of compensation payable herein according to the provisions of §1465-68a GC is $551; and that the Commission grants the maximum amount payable in installments; that on September 25, 1939, relator filed an application for modification to the effect that the compensation for the death claim should have been allowed and paid in accordance with §1465-82, **subsection 2,** instead of §1465-68a, latter portion of said section. The Commission thereupon made the order that the application for modification be dismissed.

It is alleged that that portion of §1465-68a, which provides certain limitations on the award to the dependent of one dying from an occupational disease is unconstitutional under **Art. II, Sec. 26 of the State** and of Art. XIV, Sec. 1 of the United States. Relator states that she cannot appeal from the order of the Commission, and that unless this Court mandamus the Industrial Commission to comply with §1465-82, she is deprived of her rights and she prays that mandamus issue requiring the Commission to award her compensation as the widow of her deceased husband, under §1465-82.

Respondent, The Industrial Commission, demurs to the petition for a writ of mandamus on the ground that it does not state facts sufficient to show a cause of action entitling the relator to the remedy therein prayed for.

The relator urges the unconstitutionality of a portion of §1465-62a, providing a limitation upon the amount payable to dependents of an employee suffering death as a result of an occupational disease contracted in the course of and arising out of employment, and insists that she is entitled to the same award of death benefits as that provided for in cases of death from injury in §1465-82.

Relator asserts that she is not accorded the same protection as is accorded to other persons of the same class, that is, claimants for compensation or benefits arising out of occupational diseases, and counsel sets out at length the various rates of compensation to those suffering from occupational diseases, and concludes to the effect: "Thus the Court will see that the claimants whose claims are based on occupational diseases are not accorded the same protection on account of a varying lapse of time."

### THE LAW.

We briefly examine the Constitution, the statutes, and the pertinent decision.

**Article II, §35** provides in substance that for the purpose of providing compensation to workmen and their dependents for death, injury, or **occupational diseases,** occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, out of which may be paid compensation, or damages for such death, injury or **occupational disease.** This provision, as amended, took effect January 1, 1924.

**Sec. 1465-68a,** effective as amended September 1, 1937, provides in substance that every employee who is disabled because of the contraction of an occupational disease, shall, on and after July 1, 1921, be entitled to the compensation provided by §§1465-78 to 1465-82, inclusive, and §1465-89 GC.

The statute provides that certain diseases shall be considered occupa-

tional diseases and compensable when contracted by an employee in the course of his employment, in which he was engaged at any time within twelve months previous to the date of his disablement and due to the nature of any process described in said statute.

The disease is numbered 22, silicosis, and shall mean a disease of the lungs caused by breathing silica dust, producing the designated result.

It is provided that nothing shall entitle an employe to compensation for medical treatment or funeral expenses for disability or death from silicosis unless the employee has been subject to injurious exposure to silica dust in his employment for a period of at least five years, some portion of which has been after the effective date of the act. Compensation shall be payable only in the event of temporary total disability, permanent total disability, or death, and only in the event of such disability or death resulting within one year after the last injurious exposure. In the event that such an employee has been subject to injurious exposure—silicia dust—in his employment in Ohio, for a period amounting in all of at least five years after the effective date, such compensation shall be paid in accordance with the provision of §1465-79 and §§1465-81 and 1465-82: "But in the event that such exposure after the effective date of this act shall have amounted to less than five years, then the maximum aggregate amount payable for disability, death, or disability and death shall not exceed the sum of five hundred dollars plus fifty dollars for each calendar month which may elapse after the effective date of this act and before the month in which disability shall begin but shall not exceed, in any event, the sum of three thousand dollars. * * * "

Sec. 1465-68b provides that every employee and dependent shall be entitled to all the rights, and subject to all the liabilities provided for injured employees, by §§1465-44 to 1465-108, "save and except §1465-90 GC, which shall not apply to any case involving occupational disease, and also subject to such other modifications or exemptions herein provided."

Sec. 1465-90 provides in general for the jurisdiction of the Commission, its hearing and re-hearing, and the filing of the petition in Common Pleas Court upon the transcript of the record taken before the Commission, all of which is familiar proceeding in Industrial Commission cases.

The heart of the controversy is whether or not the Legislature, under the exercise of its power, given by the Constitution, may provide a different and frequently a less rate of compensation for the death of one who has suffered from an occupational disease than is paid on account of the death of one who may have suffered an accident.

The contention of the relator is that the discrimination so made not only on account of the compensation to be paid to those dying from an occupational disease but also on account of a marked variation between compensation granted to those suffering from occupational diseases based upon the length of time that they may have been employed, renders the exception to which we have called attention, unconstitutional and void, and that those workmen suffering from occupational diseases and dying as a result thereof should be compensated to the same extent that those who are the victims of accident, injury, and death.

On the other hand it is claimed by the respondent that it is entirely within the authority of the Legislature to provide for compensation of those suffering occupational disabilities, different from and less than that provided for accidental injury or death.

Our first observation directs our attention to the Constitution, which provides that, "laws may be passed providing for compensation to workmen and their dependents for death, injury or occupational diseases occasioned in the course of such workmen's employment, and for the establishment of a commission and the creation of a fund as therein provided."

For quite a period the Legislature neglected to exercise its power to provide compensation for occupational diseases,

and the question was never raised that under the Constitution it was obliged to provide such relief or to fix the rate.

We do not propose to go into any lengthy discussion of workmen's compensation, but shall refer briefly to certain cases that may bear upon the question involved.

**Industrial Commission v Brown, 92 Oh St 309,** holds that:

"Although **Sec. 35, Art. II of the Constitution,** as amended in September, 1912, authorizes the legislature to pass laws providing an insurance fund to compensate workmen and their dependents for death, injuries or occupational disease, occasioned in the course of employment, by compulsory contribution, the general assembly has not yet provided by law for the compensation for injury or death from occupational disease."

Nichols, CJ., delivering the opinion of the Court, comments on page 316, to the effect:

"We are not able to find a single case where an employee has recovered compensation for an occupational disease at common law. Certainly it can be said that in this state no employer has ever been held liable to the employe for injury from an occupational disease, but only for injuries caused by negligence. It seems to us that the whole scheme of this act negatives any liability of the employer for injury resulting from an occupational disease."

This opinion was delievered before the occupational disease statute was passed.

**Thornton v Duffy, 99 Oh St 120,** holds:

"The enactment of the Workmen's Compensation Law (103 O. L., 72-92), did not exhaust the authority conferred upon the general assembly of Ohio by **Sec. 35 of Art. II of the Constitution.** On the contrary, it has the power to amend or repeal all or any portion thereof at any time it deems proper."

**Maxwell Motor Corporation v Winters, 118 Oh St 622,** holds:

"Secs. 1465-68a, 1465-68b et seq., as enacted in 1921 known as the occupational disease act extends the benefit of workmen's compensation to an employee who suffers a disability due to an occupational disease and entitled him to receive the benefits of §1465-76 GC."

This section, **1465-76 GC,** was repealed in 1931.

**Bozzelli v Industrial Commission of Ohio, 122 Oh St 201,** holds in effect that the rights of employees and dependents to recover compensation from and participate in the state insurance fund rests, not upon the principles of the common law, but upon the grant of the legislative authority and are only such as may be conferred by the Workmen's Compensation Law.

**Atkins v Staker et, 130 Oh St 198,** holds that:

"The chief purpose of **Sec. 35, Art. II of our state Constitution,** is to levy compulsory contributions upon employers in order to establish a state fund for providing compensation to workmen or their dependents. Under the provisions of that section the Legislature has been invested with the power of 'determining the terms and conditions upon which payment shall be made' out of the fund."

The case upon which Respondent relies confidently is that of **State ex Jonak v Beall et, Industrial Commission of Ohio, 136 Oh St 213,** which is to the effect:

"1. That part of §1465-68b GC, reading 'save and except §1465-90 GC, which shall not apply to any case involving occupational disease' violates neither the Constitution of Ohio nor the fourteenth amendment of the Constitution of the United States."

"2. Where the General Assembly, by appropriate legislation authorized by the Constitution, grants certain rights,

not theretofore enjoyed, to employees in respect to occupational disease claims and at the same time withholds certain other rights, this court cannot grant such rights which the Legislature failed to give."

This case revolved about the exclusion of the authority of §1465-90, and related solely to that portion thereof which in accident cases permitted a rehearing and appeal and a trial before a jury, and the Court holds:

"We hold that the General Assembly was within its constitutional authority in the enactment of that part of §1465-68b, GC, questioned by relator in the instant case."

Zimmerman, J., bases his concurrence upon the case of **Slaughter v Industrial Commission, 132 Oh St 537,** with the definite statement made on page 542:

"The General Assembly's authority to pass legislation creating a state fund by compulsory contribution thereto by employers to compensate workmen and their dependents for disability or death suffered by such workmen in the course of their employment, is contained in **Sec. 35, Art. II, of the Ohio Constitution. * * *"

"Laws may be passed establishing a board * * * to collect, administer and distribute such fund, **and to determine all rights of claimants thereto."**

It seems to us quite manifest that under the constitutional provisions the Legislature has a right to pass such legislation as it may determine upon, in reference to compensation for occupational diseases and to omit certain beneficial provisions that might relate to death from accident, and withhold them from the compensation for occupational disease, and that as to the occupational disease it has full power to provide such compensation and death benefits as may seem just even though it might result in a different compensation to dependents of two workmen, each of whom died from an occupational disease, but one of whom might have been longer employed in the occupation than another.

We do not find that that portion of the section claimed to be unconstitutional is violative of the provisions of the Constitution, and we, therefore, sustain the demurrer. This would permit an amendment to the petition or a final order, if the relator does not wish to plead further.

Judgment accordingly.

HORNBECK, PJ. & BARNES, J., concur.

## APPLICATION FOR REHEARING

No 3308.   Decided Feb 20, 1941

By GEIGER, PJ.

This Court rendered an opinion in this matter on the 28th of January, 1941, sustaining the demurrer. An application for rehearing is filed on the ground that the statute in question is unconstitutional. Applicant, on the first page of his brief states that inequality exists between (a) silicosis claimants and claimants of other occupational diseases, and further states that the question raised and which has been unanswered and undecided by the Court is: Can the Legislature classify 22 different types of occupational diseases and say that 21 of them shall be paid on the same basis as any other injury or death claim, but number 22 (silicosis) shall be paid in an entirely separate and different manner. It is the contention of counsel for relator that such a law is unconstitutional.

The basis for the application for the rehearing is that the Court in its decision did not pass upon the main question involved. We have re-read the opinion and are convinced that had counsel read carefully the decision of the Court there would have been no difficulty in discovering the Court's ruling upon the question.

The question upon which counsel seeks a definite ruling of the Court is whether or not for 21 different occupational diseases there may be one

schedule of payment and for the 22nd there may be a different and less productive schedule of payment, without violating the Constitution. We are of the opinion that such provision does not violate the Constitution, as we intended to make plain in our former decision. The Legislature might within the limits of the constitutional authority have omitted entirely to provide for the disease from which the decedent suffered. There are 22 diseases enumerated as occupational diseases and there are probably many which have been omitted. This does not render the act unconstitutional. Due to the peculiarities of this trouble, which the Legislature recognized, it was within its constitutional rights to provide a different and less compensation.

The Court now finds that this provision is not violative of the Constitution.

BARNES and HORNBECK, JJ., concur.