Relatrix seeks through this action in mandamus to compel the Industrial Commission to award her compensation for the death of her husband from silicosis, in accordance with the general schedule of compensation for all other occupational diseases and for accidental injuries provided in Section 1465-82, General Code, rather than in accordance with the latter part of Section 1465-68a, General Code, setting forth special provisions relating to compensation for silicosis. Relatrix contends that this latter part of Section 1465-68a is void on the ground that it sets up an arbitrary and unreasonable scheme of classification in contravention of Section 26, Article II of the Ohio Constitution, and in contravention of Section I of theFourteenth Amendment to the United States Constitution.
Neither the state nor federal constitutional provision *Page 620 
guaranteeing uniformity and equal protection of the laws deprives the Ohio General Assembly of a broad power of classification and differentiation of persons and subject-matter in legislative enactments. The United States Supreme Court has said, speaking through Mr. Justice Day, in passing upon another portion of the Ohio Workmen's Compensation Act: "* * * it is not the purpose of the Fourteenth Amendment in the equal protection clause to take from the states the right and power to classify the subjects of legislation. It is only when such attempted classification is arbitrary and unreasonable that the court can declare it beyond legislative authority. * * * That a law may work hardship and inequality is not enough." Jeffrey Mfg. Co. v. Blagg, 235 U.S. 571, 576,59 L.Ed., 364, 35 S.Ct., 167. This court in applying Section 26, Article II, of the Ohio Constitution, to cases of claimed non-uniformity of laws of a general nature, has followed this same criterion, and will not invalidate a plan of classification adopted by the Legislature unless clearly arbitrary and unreasonable. State v. Hogan, 63 Ohio St. 202,58 N.E. 572, 52 L.R.A., 863.
The question here presented, then, is whether the classifications adopted by the Legislature in that part of Section 1465-68a, General Code, here attacked, are so arbitrary and unreasonable that they are beyond legislative authority. Relatrix contends this to be true in two respects: First, the classifications differentiate compensation in the case of silicosis from that provided for all other occupational diseases and for injuries; and, second, the classifications differentiate silicosis claimants as among themselves into subclasses according to the number of months which have elapsed between July 31, 1937, the effective date of this part of Section 1465-68a, General Code, and the date the employee's disability began. Let us examine the pertinent statutory provisions in the light of these contentions. The first part of Section 1465-68a expressly *Page 621 
makes compensable twenty-two different kinds of occupational diseases, including silicosis. The latter part of this section deals specifically with a special procedure and schedule of awards for victims of silicosis. The provision relatrix complains of provided at the time of her husband's death (since repealed, 118 Ohio Laws, 422) as follows:
"In the event that an employee has been subject to injurious exposure to silica dust (silicon dioxide) in his employment in Ohio for periods amounting in all to at least five years after the effective date of this act, such compensation shall be paid in accordance with the provision of Sections 1465-79, 1465-81 and 1465-82 of the General Code; but in the event that such exposure after the effective date of this act shall have amounted to less than five years, then the maximum aggregate amount payable for disability, death, or disability and death shall not exceed the sum of five hundred dollars plus fifty dollars for each calendar month which may elapse after the effective date of this act and before the month in which disability shall begin but shall not exceed, in any event, the sum of three thousand dollars." Relatrix's husband had been exposed for one calendar month after the effective date of the act and accordingly could receive a maximum of only $550.
Death resulting from injuries and from all occupational diseases other than silicosis is compensated according to the schedule of rates provided in Section 1465-82, General Code. Subsection two of this section provided at the time of Lourin's death for payment on the following basis in the case of total dependency such as that of the relatrix:
"2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent of the average weekly wages, not to exceed eighteen dollars and seventy-five cents per week in any case, and to continue for the remainder *Page 622 
of the period between the date of the death and eight years after the date of the injury, and not to amount to less than a minimum of two thousand dollars or more than a maximum of six thousand five hundred dollars, including the compensation paid to the deceased employee prior to death and benefits paid to the beneficiaries after death."
Section 35, Article II of the Ohio Constitution, does not require that any occupational disease be made compensable. It is merely permissive, providing that, "for the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund * * *." (Italics ours.) No occupational diseases were in fact made compensable under the Workmen's Compensation Act until 1921 (109 Ohio Laws, 183), and silicosis was not made so until 1937 (117 Ohio Laws, 268).
Because the Legislature may, consistently with constitutional provisions, withhold all compensation for occupational diseases while granting it for accidental injuries, or may compensate some diseases while excluding others, it does not follow that the Legislature, when it comes to grant compensation for a given disease, may do so on an arbitrary or unreasonably discriminatory basis. But differentiation does not necessarily indicate arbitrary discrimination. There is a strong presumption that classifications in state legislation are based upon adequate grounds. Middleton v. Texas Power Light Co.,249 U.S. 152, 63 L.Ed., 527, 39 S.Ct., 227. Relatrix has made no allegation in her petition not brought anything to our attention of which we may take judicial notice, which would tend to show that silicosis is so similar to other diseases that a separate schedule of compensation for it is palpably arbitrary.
The fact that the General Assembly has not seen fit *Page 623 
to provide a special schedule of compensation for any of the twenty-one other diseases referred to in Section 1465-68a, General Code, does not of itself establish that such a special schedule is arbitrary. Even if this special schedule denies to the silicosis claimant certain rights belonging to claimants for other diseases, and provides a maximum award for death from silicosis lower than that available under Section 1465-82, General Code, for death for injuries and from other occupational diseases, it cannot be concluded that such differentiations are unreasonable or arbitrary. These differentiations are clearly matters of policy for the Legislature to determine. The court cannot grant rights which the Legislature has failed to give. State, ex rel. Jonak, v.Beall et al., Industrial Commission, 136 Ohio St. 213,24 N.E.2d 826.
Relatrix further contends that, even though silicosis may properly be compensated differently from other diseases, yet classification of silicosis claimants as among themselves according to the number of months of exposure to silica dust between July 31, 1937, the effective date of the act, and the commencement of disability, is arbitrary and unreasonable. It is argued that "as little as a minute" may greatly alter the size of the award. But the law abounds with situations where a difference of a minute may work a great change in rights and liabilities. Any statute of limitations illustrates this. In the interest of administrative workability, or to effect gradations in legislative policy, certain definite markers must be established, even though it may be admitted that an apparent hardship results to those whose rights lie just outside. It is, of course, for the Legislature to determine just where such boundaries shall be set.
We find nothing arbitrary or in excess of the proper scope of legislative judgment in establishing these markers, in the case of silicosis, in such a way as to make the burden upon the state insurance fund proportionate *Page 624 
to the length of time during which the employee, while, working, in this state, has been exposed to the injurious silica dust, after the effective date of the act which first made silicosis compensable. Whether such a basis for computing the award was wise is not for this court to decide. The General Assembly changed its determination of policy in the matter by repealing the provision here complained of after Lourin's death (118 Ohio Laws, 422). But a law's unwisdom which may occasion its repeal does not establish its unconstitutionality.
We hold, therefore, that the provisions complained of in Section 1465-68a, General Code, did not violate either the.Fourteenth Amendment to the United States Constitution, or Section 26, Article II of the Ohio Constitution.
The judgment of the Court of Appeals sustaining the defendant's demurrer and dismissing the petition should be affirmed.
Judgment affirmed.
WEYGANDT, C.J., TURNER, WILLIAMS, MATTHIAS, HART, and ZIMMERMAN, JJ., concur. *Page 625