**STATE, ex rel. MICHAELS, Relator, v. MORSE et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 5372.   Decided February 7, 1956.

538

Schwenker, Teaford, Brothers & Solsberry, Charles V. Schwenker, Merrill D. Brothers, of Counsel, Columbus, for relator.

C. William.O'Neill, Atty. Genl., Paul Tague, Jr., James L. Young, Asst. Attys. Genl., Columbus, for respondent, Industrial Commission.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

This is an original action in mandamus for an order to compel the

respondent to proceed to hear and determine his claim for compensation pursuant to the statutory provisions relating thereto in effect prior to October 5, 1955. The operative facts alleged in the petition are admitted in the answer. The issues of law raised are therefore to be determined upon the pleadings.

Relator's claim was filed on August 10, 1954, disallowed January 4, 1955, rehearing granted, testimony taken thereon May 26, 1955, and continued. On September 7, 1955, relator filed a motion with respondent for assignment of his claim for further hearings on rehearing pursuant to the law then in force. On September 8, 1955, the respondent found that it had authority under existing law to grant such hearings as requested, but that there was insufficient time to permit the claimant to complete his case, and the Commission to hear and determine it, prior to October 5, 1955, the date upon which §4123.512 to §4123.519, inclusive, R. C., became effective, pursuant to which no provision is made to retain facilities required to complete the rehearing proceedings. In denying claimant's motion, the Commission ordered that his claim shall, on and after October 5, 1955, be deemed to be pending before the Commission on appeal as provided by the new sections.[1]

Relator's claim was a pending proceeding within the purview of §1.20 R. C. This section merely prescribes a rule of construction. The eleventh paragraph of §4123.519 R. C., provides that all claims pending determination by the Commission on the effective date of the new act, and all claims filed thereafter, shall be governed by the provisions of the new act.[2]

There is therefore no conflict between §1.20 R. C. and the provisions of the new act. In specific terms, the legislature has said the new act shall apply to certain pending proceedings before the Commission, including relator's claim.

### I.

In support of his position, relator first contends that the powers of the Administrator of the Bureau of Workmen's Compensation created by the new act are violative of **Section 35, Article II, Ohio Constitution** (hereinafter referred to as "II-35").

---

1. This action was in compliance with the specific terms of the twelfth paragraph of §4123.519 R. C. The new act contemplates an appeal from the administrator by the claimant or the employer to the Commission. It is to be noted that the preliminary determination by the administrator is obviated in the instant case by the provision that the claim shall be deemed pending on appeal on October 5, 1955. Under the new act, as under the old act, an appeal may be taken by the claimant to the common pleas court from the order of the Commission, but under the new act, such an appeal may also be taken by the employer, and the administrator is made a party to the appeal, as well as the Commission upon application.

2. The last paragraph of the section provides that an action pending in the common pleas court on a petition under §4123.51 R. C., filed prior to the effective date of the new act, and a claim which has been denied upon rehearing within sixty days prior to such effective date shall not be affected by the repeal of §4123.51 R. C.

The new act is entitled: "To create the Bureau of Workmen's Compensation, to define the powers of the administrator thereof, to increase compensation to injured workmen," etc. Since the relator's claim is deemed to be a pending claim before the Commission, the administrator will have no judicial, quasi-judicial or administrative function to perform incident to the determination of relator's pending claim before the Commission. Therefore, the constitutionality of the act with respect to the powers of the administrator with respect to the instant claim is not presented. However, relator asserts that as an unconstitutional officer, the administrator has no right to be a party to claimant's appeal.[3]

The new act establishes a bureau of workmen's compensation to be administered by an administrator to be appointed by the Governor for a term of six years. Sec. 4121.12 R. C.[4]

A review of §4121.12.1 R. C. discloses that in the main, administrative functions are granted the administrator. As disclosed in §4121.12.1 (A) R. C. some duplication of the authority and power of the Commission is granted the administrator, which may provoke conflict between him and the Commission (as illustrated occasionally between the administrator of the Bureau of Unemployment Compensation and the Board of Review), but with the unwisdom of the legislation, we are not concerned. **10 O. Jur. 2nd, PP. 206** and **326. State, ex rel. Bishop v. Board, 139 Oh St 427.**

---

3. With respect to such pending claim, the record of any evidence theretofore adduced shall be considered by the Commission without re-submission together with any other evidence which may be presented upon the hearing. *Sec. 4123.519 (12) R. C.* Before making or denying an award in the appeal of a disputed claim, a regional board of review or the Commission, as the case may be, shall afford the claimant, the employer and the administrator an opportunity to be heard upon notice and to present evidence. *Sec. 4123.51.8 R. C.* In such administrative appeal, the administrator presumably is no more an adverse party than the Commission itself.

4. The administrator is made responsible for the discharge of all administrative duties imposed upon the Industrial Commission under *Chapter 4123 R. C.*, and is authorized and empowered to do all acts and to exercise all authorities and powers, discretionary or otherwise, which are required of or vested in the Commission under such chapter, except such exercise of power and authority as is vested in the Commission in §*4121.13 R. C.* Such grant to the administrator of powers vested in the Commission does not divest the Commission of the right to exercise its powers in the discharge of its own responsibilities. Any authority or power vested in the Commission or the administrator may be exercised by either to the extent necessary to effect the discharge of their respective responsibilities. *Sec. 4121.12.1(A) R. C.* Subsections *(B)* to *(K)* of §*4121.12.1 R. C.* imposed manifold and extensive administrative duties upon the administrator, which presumably were formerly exercised by the Commission. The acts of the administrator and of a regional board of review are acts of the Commission unless modified or set aside under the provisions of *Chapter 4123 R. C.* With respect to the allowance or rejection of claims, such action is subject to review on appeal to the Commission.

Is the establishment of the office of administrator in violation of II-35? The first sentence of the section provides:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom."

This is a broad grant of power to establish and to administer the fund without limitation, and laws could be passed providing for the administration of the fund by a board, commission, state official, a commissioner or administrator. The third sentence of II-35 provides:

"Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all right of claimants thereto."

Although certain provisions of II-35 are to be regarded as self-executing, such as the provision with respect to violation of a specific requirement, it is apparent that the powers granted in the first and third sentences are to be implemented by act of the General Assembly. Such powers are permissive, State, ex rel. Lourin v. Industrial Commission, 138 Ohio St., 618, 622, not mandatory, and on their face are not self-executing. True, the people, in adopting the amendment, contemplated that the powers thus granted would be exercised by a board or commission, but they did not so provide in mandatory terms. Furthermore, the amendment did not exhaust the police power of the state so as to prevent the Legislature from creating regional boards of claims. State, ex rel. DeTorio v. Industrial Comm., 135 Oh St 214.

It should be borne in mind that in contrast to the Federal Constitution, which is a delegation of powers, the Ohio Constitution is a limitation of powers. An act of Congress is invalid unless the Constitution authorizes it; but the General Assembly may enact any law which is not prohibited by the Constitution. Angell v. Toledo, 153 Oh St 179, 181. A legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body. Xenia v. Schmidt, 101 Oh St 437. It is repeatedly held in Ohio that a clear incompatibility between a law and the Constitution must exist before the judiciary is justified in holding the law unconstitutional. The repugnancy between the statute and the Constitution must be incapable of a fair reconciliation. 10 O. Jur., 2nd. pp. 248, 254. In our opinion, the relator has failed to overcome the presumption of constitutionality and we conclude that the establishment of the Bureau and the authorities and powers conferred upon the Administrator by the new law are not in contravention of II-35 of the Constitution.

It is also to be observed, that the relator (except with respect to the intervention of the Administrator as a party, hereinafter discussed) is in no way affected by the exercise of power and authority conferred by the

act upon the Administrator and therefore discloses no clear right to relief.

## II.

Relator's second contention is that §4123.519 R. C. violates the provisions of **Section 28, Article II, Ohio Constitution, §1.20 R. C.** and the Constitution of the United States. For the reasons stated under I, relator's contention with respect to §1.20 R. C. is not well taken.

II-28 provides a limitation that the General Assembly shall have no power to pass retroactive laws. Relator concedes that the limitation applies only to substantive rights and does not apply if remedial matters are involved. Numerous cases hold that retroactive laws refer to those which create and define substantial rights, and which either give rise to or take away the right to sue or to defend actions at law. **Smith v. New York Central Rd. Co., 122 Oh St 45.** Upon principle, every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already passed, must be deemed retrospective. Storey, J. in Society v. Wheeler, 2 Callison's R., 139; **Rairden v. Holden, 15 Oh St 207, 210; Bartol v. Eckert, 50 Oh St 31; Safford v. Metropolitan L. Ins. Co., 119 Oh St 332; Smith v. New York Central Rd. Co., supra; Beckman v. State, 122 Oh St 443, 450; Slocum v. Mutual Bldg. etc. Co., 130 Oh St 312, 317; State, ex rel. v. Zangerle, 133 Oh St 532, 535; Weil v. Taxicabs, Inc., 139 Oh St 198.** Although II-28 has application to laws disturbing accrued, substantive rights, has no application to laws of a remedial nature providing rules of practice, courses of procedure or methods of review. **State, ex rel. v. Industrial Comm., 132 Oh St 537; Lash v. Mann, 141 Oh St 577, 582-583.**

In support of his contention, relator asserts that §4123.519 R. C. is retroactive legislation in the following respects:

"1. Imposes upon the claimant new obligations, duties and disabilities, by the addition of two new adverse parties in his appeal, namely, the Administrator of the Bureau of Workmen's Compensation and the employer.

"2. The addition of new grounds for disallowing the claimant's claim.

"3. The denial of a decision of finality upon an allowance of his claim.

"4. Depriving claimant of a right to final judgment on appeal to the common pleas court.

"5. Deprives the claimant of compensation benefits in force at the time he filed his claim."

In none of the respects asserted are relator's vested or substantial rights impaired. Claimant has a vested right, if he establishes it, to compensation from the fund. The manner in which it is to be established is procedural in character. Cf. **Lash v. Mann, 141 Oh St 577.**

The Legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it—that is, there is no right in a particular remedy. **10 O. Jur. 2nd, 616.** A party has no vested right in the forms of administering

justice, that precludes the Legislature from altering or modifying them and better adapting them to effect their end and objects. **10 O. Jur. 2nd, 616,** citing **Hays v. Armstrong, 7 Ohio. Pt. 1, 248; Green Twp. v. Campbell, 16 Oh St 11; Templeton v. Kraner, 24 Oh St 554; Cager v. Prout, 48 Oh St 89.** Thus, the Supreme Court has held that a statute granting a right of appeal or review to the Court of Common Pleas from an order of the Industrial Commission is remedial and may be given retroactive operation. **State, ex rel. Slaughter v. Industrial Comm., 132 Oh St 537.**[5]

With respect to relator's assertion that he is denied a decision of finality upon allowance of his claim, the Supreme Court has held in construing §1465-86 GC (§4123.52 R. C.) that the continuing jurisdiction of the Commission applies only to new and changed conditions occurring after an original award. **State, ex rel. Griffey v. Industrial Comm.. 125 Oh St 27; State v. Ohio Stove Co., 154 Oh St 27.** The Supreme Court has also held that an award by the court is subject to §1465-86 GC, in respect to the continuing jurisdiction of the Commission and also to such modification and change as in the opinion of the Commission may be justified. **Clendenen v. Industrial Comm., 140 Oh St 414; State, ex rel. Kresge v. Industrial Comm., 157 Oh St 62.**

In support of his contention that relator is deprived of compensation benefits in force at the time he filed his claim, he asserts that he is now deprived of the statutory attorney fee provided by former §4123.51. This section provided that the cost of any legal proceedings authorized by the section, including an attorney's fee to claimant's attorney to be fixed by the trial judge, should be taxed against the unsuccessful party. This provision related only to proceedings in the Common Pleas Court and did not cover any services rendered before the Commission. **Carson v. Beall, 55 Oh Ap 245.** The provision with respect to attorney fees is eliminated in the new act.[6]

In the instant case, the relator had a contingent and inchoate right under §4123.51 R. C. to have an attorney fee allowed,—contingent upon

---

5. There is no right to appeal from a decision of a statutory board or a judgment of a legally constituted court except as provided by statute. *Lindblom v. Board, 151 Oh St 250; DeCillo & Sons v. Board, 158 Oh St 302;.. Corn v. Board, 160 Oh St 9; Miller v. BUC, 160 Oh St 561; In re Sanitary District, 161 Oh St 259.* Any retroactive remedial statute may result in imposing additional burdens upon a party, without affecting his vested rights. The matter of joinder of parties relates to the remedy, does not affect any substantive rights of the parties, but merely how, when and in what company such rights shall be determined. Gibson, Treas. v. Miller, 7 O. C. C., N. S., 96.

6. From 1913 until 1921, provision was made for the taxing of costs, including "a reasonable attorney fee" to be fixed by the court, against the unsuccessful party. *103 O. L. 89, 107 O. L. 164; 108 O. L. Pt. 1, p. 324.* It was not until 1921, after the trial de novo of an appeal from the disallowance of a claim was limited to the rehearing transcript, that the limitation as to the amount was inserted. *109 O. L. 296-298.* In fixing the amount of an attorney fee to be taxed as costs, the court exercised his discretion within the limitation as to the amount.

the rejection of his claim and the establishment of his right to participate in the fund upon appeal to the Common Pleas Court. Only when the judgment of the Court became final and was certified to the Commission did the claimant have a vested right to the award of attorney fees as a part of the costs. **State, ex rel. Gordon v. Industrial Comm., 129 Oh St 212.** Cf. **Gulf Refining Co. v. Evatt, 148 Oh St 228, 238.** distinguishing **State, ex rel. Struble v. Davis, 132 Oh St 555.** A right, not absolute but dependent upon the action or inaction of another, is not basic or vested and deprivation thereof does not constitute a deprivation of property. **hatch v. Tipton, 131 Oh St 364.** The general rule in Ohio is that, in the absence of statutory provision making attorney fees a part of the costs, such fees can not be so taxed. **14 O. Jur. 2nd, p. 31.** The subject of costs is one entirely of statutory allowance and control. A statute relating to costs is remedial and may operate retroactively. **Flory v. Cripps, 132 Oh St 487, 491.**

### III.

Mandamus is an extraordinary legal remedy, the essential purpose of which is to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station, and before the writ may properly issue, the relator's right to the relief sought must be clear. Upon the record in the instant case, the respondent has performed its duty especially enjoined by law in ordering that relator's claim be deemed a pending proceeding before it for determination under the new law. But relator contends that the new law is unconstitutional and therefore respondent is specially enjoined by the law in effect prior to October 5, 1955, to proceed to hear and determine his claim thereunder. The right of relator to question, by mandamus, the constitutionality of the statute is recognized in Ohio. **25 O. Jur. 985.** We conclude, however, that §4121.12, et seq, R. C., effective October 5, 1955, are not violative of the provisions of **Section 35, Article II, Ohio Constitution,** and that §4123.519 R. C., effective October 5, 1955, is remedial in character and is not retroactive legislation within the meaning and intent of **Section 28, Article II, Ohio Constitution.**

Relator having failed to show a clear right to relief, the writ must be denied.

MILLER, PJ, concurs.
HORNBECK, J, concurs in the judgment.