Our first question here may be phrased thus: Where a statute creates a right in dependents of a workman to compensation for death from silicosis *Page 113 only in the event of such death resulting within two years after the last injurious exposure (118 Ohio Laws, 422), may a statute enacted subsequent to the expiration of the two years from the last injurious exposure and death of the workman create a new right in the dependents for compensation for such original occupational disease-death? Specifically, may the amendment of Section 1465-68(a), General Code, effective October 12, 1945 (121 Ohio Laws, 661), relate back and create a liability against an employer where no liability existed after February 13, 1945?
The second question we have to consider may be phrased: Is an employer, who has elected to pay compensation direct, liable where no application for compensation is made to such employer within six months after death resulting from an occupational disease, as provided in Section 1465-72b, General Code?
The last injurious exposure of relator's decedent was on February 13, 1943, when he left the employment of the Jones 
Laughlin Steel Corporation. At that time Section 1465-68a, General Code (118 Ohio Laws, 422), was in force and provided that compensation should be payable only in the event of death resulting within two years after the last injurious exposure, which fact would have carried the right to claim compensation for such death to February 13, 1945.
Effective October 12, 1945, the General Assembly amended Section 1465-68a, General Code, by substituting eight years instead of two years. It is the contention of relator based upon paragraph four of the syllabus in the case of IndustrialCommission v. Kamrath, 118 Ohio St. 1, 160 N.E. 470, that the right of action in the instant case did not accrue until decedent's death. Paragraph four of the syllabus in the Kamrathcase reads: *Page 114 
"The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment." (Italics ours.)
The Kamrath case was not an occupational disease case where the statute creating the liability provided in so many words that compensation should be payable only in the event that death resulted within two years after the last injurious exposure. (118 Ohio Laws, 422.)
Section 1465-72b, General Code, provides as follows:
"In all cases of occupational disease, or death resulting from occupational disease, claims for compensation shall be forever barred, unless, within four months after the disability due to the disease began, or within six months after death occurred, application shall be made to the Industrial Commission of Ohio, or to the employer in the event such employer has elected to pay compensation direct, except in such cases as are provided for in Section 1465-82, subdivision 4, General Code."
Relator admits that such application was not formally made to respondent Jones Laughlin Steel Corporation within the time limited but seeks to avoid this in two ways: First, by asserting that the claim against respondent Jones Laughlin Steel Corporation was combined in the commission's files with the claim against the Park Drop Forge Company to whom proper notice had been given; and, second, that the failure of the respondent Jones Laughlin Steel Corporation to receive notice was due to the negligence of respondent commission.
In relator's brief it is said:
"Let us understand, first, that we have no dispute with the defendant Jones Laughlin Steel Corporation's contention that they were entitled under the *Page 115 
rules of the commission to receive notice of the claim, together with copy of the proceedings in the claim prior to the hearing. The Industrial Commission admits these errors. But does that fact justify the use of its discretion to rectify what may be an injustice to the Jones Laughlin Steel Corporation by slamming the door shut in the face of the claimant by the simple expediency of severing the context of the claim No. 4039-22 [Jones Laughlin] from claim No. 47261 [Park Drop Forge Co.], and thus treat it as a separate and distinct claim?"
After the respondent commission found that it had no jurisdiction, relator attempted to supplement her record by taking depositions.
Without passing upon the question of the materiality of or the right to take and file these depositions, we do find from a search of the record, assuming such depositions to be a part thereof, that the aforesaid finding of respondent commission was justified. In this case there had been two separate claims filed, one against the Park Drop Forge Company and one against respondent Jones Laughlin Steel Corporation. Relator contends that "the claim was one, although of employers there were two." In our opinion this claimed situation does not aid relator's case.
The record clearly discloses that no application was made to respondent, Jones Laughlin Steel Corporation, pursuant to Section 1465-72b, General Code.
The provisions, of Section 1465-72b, General Code, are clear, that application claiming compensation in cases of occupational diseases shall be made to the employer in the event that the employer has elected to pay compensation direct.
The record here discloses and we so hold that Efford's dependents had no right of action against respondent Jones 
Laughlin Steel Corporation, and *Page 116 
that the respondent Industrial Commission did not abuse its discretion, and, therefore, the writ of mandamus should be and hereby is denied and relator's petition dismissed.
Petition dismissed.
WEYGANDT, C.J., MATTHIAS, HART, ZIMMERMAN and STEWART, JJ., concur.