RUFFT, APPELLEE, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMP., ET AL., APPELLANTS.

(No. 10651—Decided December 2, 1968.)

*Messrs . Lindhorst & Dreidame, Mr. Albert W. Schimer* and *Mr. Leo Breslin,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. George N. Fell,* for appellants.

LONG, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County allowing the appellee, a widow of a deceased workman, to participate in the State Insurance Fund for death benefits.

The petition alleges that as a direct and proximate result of the occurrence (the surgery necessitated by the injuries sustained) the decedent was disabled until the time of his demise on December 5, 1965, and would have been entitled to temporary total compensation had not death intervened.

The case was tried upon stipulations of fact. The stipulations necessary for a proper review of the claimed error are as follows:

2. That the injury sustained by the decedent during his lifetime on March 3, 1960, was the direct and proximate cause of decedent's death.

3. That decedent's death did not occur within three years of the date of injury.

4. That decedent did not receive compensation in the year prior to death of the type required by the second numbered portion of the first paragraph of Section 4123.59, Revised Code.

5. That decedent did not, during his lifetime, make any application for compensation other than the original application.

6. That the preliminary matters leading to court, including the hearings before the various levels of the administrative agency and the procedural steps for appeals, were in conformity with the law.

7. That the only issue before the court in this case is whether the court has jurisdiction, that is, any jurisdiction which would be described in Section 4123.59, Revised Code.

The applicable part of Section 4123.59, Revised Code, provides as follows:

"In case an injury to or an occupational disease contracted by an employee causes his death, and if (1) his death ensues, within a period of three years after the injury or the beginning of disability due to the occupational disease, or (2) compensation for total disability, or partial disability as provided in division (A) of Section 4123.57 of the Revised Code, on account of the injury or occupational disease which caused his death has been paid for any portion of the year next preceding the date of the death of such employee, or (3) the administrator or Industrial Commission finds that a decedent, who applied for compensation as described in division (2) of this paragraph, and who was examined by a licensed physician, would have been entitled to an award of compensation had not death ensued; provided denial by the Industrial Commission of any death claim based upon division (3) of this paragraph shall not be appealable under Section 4123.519 of the Revised Code; benefits shall be in the amount and to the persons following:

"* * * ."

It is the contention of the Attorney General that (1) because decedent did not die within three years of his injury, (2) did not receive compensation for any of the portion of the year prior to death, (3) the commission did not find that decedent was entitled to compensation if death had not intervened, nor was an application filed for compensation for any portion of the year prior to death; his widow is not entitled to benefits. It seems clear that part (1) of such section allows death benefits where death occurs within three years from the date of injury; part (2) allows the payment of death benefits, if specific compensation has been paid within a year of death, *regardless* of the time his application is filed; part (3), it seems to this court, comprises even a broader scope and where, as in the case at bar, the decedent dies as a direct and proximate cause of his industrial injury and would be entitled and would have received compensation had he lived, his death removes the necessity for making another or additional application.

Section 4123.59, Revised Code, must be read with

Section 4123.52 which provides that unless a claim has remained inactive for ten years *a claimant may receive such benefits as his case warrants.* The case at bar is the very type of case to which this statute was directed.

The appellant makes a great deal of the fact that the deceased did not make an application for benefits other than his original application. The Attorney General admits that under Section 4123.59 of the Revised Code an interpretation can be drawn which would make the original application sufficient. The Attorney General had this to say (bill of exceptions) to the trial court: "I can see his interpretation which naturally favors his position."

The Attorney General stated as follows (bill of exceptions):

"Mr. Cunningham (assistant attorney general). Now, that's our position, and I admit that it's capable of either interpretation. * * *"

What is the purpose of an application? It is obvious that it serves as a notice to the commission that a claim is being made. All the arguments that the one-year, two-year and three-year periods mentioned in the statute are limitations of liability on the part of the commission are without merit. The only limitation on receiving compensation under the Workmen's Compensation Act by an injured workman is the ten-year limitation which is specifically stated in the statute. The other specifications of time merely suggest that if certain things do not occur within the time stated the credibility of the claim might be affected; otherwise, they defeat the clear language of the statute which says that a claimant shall receive such benefits as his claim warrants.

In many cases of injury, the person injured does not know the extent of his damage. Even doctors don't know the extent of an injury until after death and until an autopsy is had. Medical accounts exist of soldiers and workmen who are mortally wounded, who continue their duty and labor for extended periods of time; that was the evidence in the case at bar. One of the stipulations in this case is as follows:

"2. That the injury sustained by decedent during his

lifetime on March 3, 1960, was the direct and proximate cause of decedent's death.''

A great deal of space and argument has been given to the history of the legislation and interpretation thereof in connection with the law of workmen's compensation. The trend however has been more and more liberal for the benefit of the workman and his dependents. As far back as the case of *Industrial Commission* v. *Kamrath,* 118 Ohio St. 1, the court said: ''The Workmen's Compensation Law is still in the development stage. Each successive legislative enactment is intended to make its enforcement more practical and its operation more just * * *.''

Under the requirements of Section 4123.95, Revised Code, the Legislature dictates a liberal construction of the Workmen's Compensation Act. According to counsel for the appellant, this entire case is based upon the interpretation of Section 4123.59, Revised Code.

After giving this case serious thought, we have come to the conclusion that it could not have been the intention of the Legislature to attach restrictions and limitations upon the survivor of a deceased workman, of the kind urged by the appellant, whose demise was clearly and proximately the result of an industrial accident. This would deprive his widow of her lawful benefits.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

HILDEBRANT and SHANNON, JJ., concur.