48

EMMONS, APPELLEE, *v.* KELLER, ADMR., BUREAU OF WORK-
MEN'S COMPENSATION, APPELLANT, ET AL.

(No. 69-67—Decided January 14, 1970.)

Mr. *Albert A. Yannon* and Mr. *R. Brooke Alloway,* for appellee.

Mr. *Paul W. Brown,* attorney general, Mr. *Walter J. Howdyshell* and Mr. *Robert J. Dodd, Jr.,* for appellants.

TAFT, C. J.  Effective October 1, 1963 (130 Ohio Laws 937, 1466), Section 4123.59, Revised Code, was amended to read, so far as pertinent:

"In case an injury to or an occupational disease contracted by an employee causes his death, and if (1) his death ensues, within a period of three years after the injury or the beginning of disability due to the occupational disease, or (2) compensation for total disability, or partial disability as provided in division (A) of Section 4123.57 of the Revised Code, on account of the injury or occupational disease which caused his death has been paid for any portion of the year next preceding the date of the death of such employee, or (3) the administrator or industrial

commission finds that a decedent, who applied for compensation as described in division (2) of this paragraph, and who was examined by a licensed physician, would have been entitled to an award of compensation had not death ensued * * * benefits shall be * * *''

In the instant case, the petition discloses that the death of plaintiff's husband did not ensue within three years after the injury which caused his death. It further discloses that no compensation for disability on account of that injury was paid for any portion of the year preceding his death and that there was no application for any such compensation. Thus, the petition does not state any right to recovery under the words of the statute, as amended in 1963.

In holding that plaintiff had a valid claim for death benefits, the Court of Appeals held that the foregoing quoted part of the 1963 amendment of this statute ''is violative of Section 26, Article II of the Ohio Constitution, the equal protection clause, for the reason that such section does not treat equally all persons in the same class.''

That statute had previously provided for death benefits if (1) death ensued within two years of the date of injury, or (2) compensation or disability on account of the injury was continuous from the date of injury to the date of death of the injured employee (128 Ohio Laws 743, 762).

Apparently, the Court of Appeals concluded that plaintiff could recover under those parts of the previous statute, which provided for death benefits ''if * * * disability on account of the injury has been continuous from the date of the injury to the time of the death * * *.''

The constitutionality of the amendment to Section 4123.59, Revised Code, was not considered in *Amos* v. *Keller* (1968), 16 Ohio St. 2d 29, 242 N. E. 2d 556, which applied that section in denying recovery for death benefits. But *Cf. Rufft* v. *Keller* (1968), 17 Ohio App. 2d 79, 244 N. E. 2d 509, which refused to apply the section where its application would have denied recovery for death benefits.

Although no such contention is made on behalf of plaintiff, the Court of Appeals' opinion suggests that Section 4123.59, Revised Code, could not validly provide that death benefits can be allowed only if the death ensued within

three years after the injury which caused it. Our prior decisions indicate that such a provision would be valid. See *State, ex rel. Bessler,* v. *Indus. Comm.* (1952), 157 Ohio St. 297, 105 N. E. 2d 264; *State, ex rel. Efford,* v. *Indus. Comm.* (1949), 151 Ohio St. 109, 84 N. E. 2d 493; *State, ex rel. Lourin,* v. *Indus. Comm.* (1941), 138 Ohio St. 618, 37 N. E. 2d 595. We therefore conclude that a statute providing benefits for the death of a workman under the workmen's compensation laws may validly contain the condition that the death of such workman must ensue within three years after the injury which causes it.

After so providing, Section 4123.59, Revised Code, then provides for death benefits in the instances specified under subdivisions (2) and (3) of the paragraph quoted above therefrom, even though the death does not ensue within three years after the injury. The Court of Appeals held that this part of the statute treats differently those in like circumstances and so is unconstitutional.

Plaintiff contends that the standard used in this part of the statute, of compensation for partial disability paid during the year preceding death, is a capricious and arbitrary standard and one which results in the denial of equal protection to claimants.

The legislative purpose of such a standard is clear. From an administrative standpoint, it can be determined with certainty whether an injured workman receives compensation during the year preceding his death. Under the statute prior to the amendment, it was frequently difficult to determine whether the workman had been continuously disabled from the time of his injury to his death many years later. Obviously, the General Assembly desired to obviate this uncertainty and eliminate extensive litigation on the question whether the workman had been continuously disabled from the time of his injury to his death.

It is possible to imagine instances where division (2) of the foregoing quoted portion of the 1963 amendment to Section 4123.59, Revised Code, could enable a jury to allow a death claim that was far less meritorious than one that could not even be submitted to a jury under the wording of that division (2).

For example, an injured employee earning $100 per week might be seriously enough injured (75% impairment of earning capacity), so as to receive, under Section 4123.-57(A), Revised Code, the limit of $10,000 for partial disability within less than four years. If he died five years after his injury, Section 4123.59, Revised Code, would prevent any claim on account of his death, even though there was a definite proximate causal relationship between his injury and his death. On the other hand, an employee earning the same amount might be much less seriously injured so that he would have only a 10% impairment of earning capacity. He could receive compensation for partial disability under Section 4123.57(A) for approximately 29 years before receiving the $10,000 limitation for partial disability. Thus, under Section 4123.59, Revised Code, a claim for his death could be maintained for approximately 29 years after his injury.

Ordinarily, an injury which causes a small impairment of earning capacity is less likely to be a cause of death than an injury which causes a much larger impairment of earning capacity. However, as the foregoing example demonstrates, Section 4123.59, Revised Code, might permit a longer period for assertion of the death claim where the impairment of earning power was small than where it was large.

From what we have said, it is apparent that that part of Section 4123.59, Revised Code, as amended in 1963, which reads "or partial disability as provided in division (A) of Section 4123.57 of the Revised Code" can lead to arbitrary and capricious results.

If that part of the statute is stricken, we do not believe that the remaining part would lead to arbitrary or capricious results or result in any denial of equal protection of the laws. However, if such a revision in the statute were made, the remaining portions of the statute would not enable the plaintiff to prevail in the instant case.

Because of this, plaintiff, in effect, contends that the whole paragraph of Section 4123.59, Revised Code, as quoted above, must be declared unconstitutional, together with the section of the legislative act which repealed Sec-

tion 4123.59 as it existed before 1963, to the extent that the repeal of the former section operated to repeal the paragraph of that section which would have enabled plaintiff in the instant case to maintain her death claim.

Paragraph three of the syllabus of *Treasurer* v. *Bank* (1890), 47 Ohio St. 503, 25 N. E. 697, reads:

"One part of a section of a statute may be void for want of conformity to the Constitution, without affecting the validity of the remainder, unless, the objectionable and unobjectionable portions are essentially and inseparably connected in substance, or, are so interdependent, that the General Assembly would not have enacted the one without the other."

Paragraph one of the syllabus in *State, ex rel. Greenward Realty Co.,* v. *Zangerle* (1939), 135 Ohio St. 533, 21 N. E. 2d 662, reads:

"A statute may be invalid in part, by reason of some provisions being repugnant to the state constitution, and valid as to the residue, where it appears that the invalid part is an independent provision, not in its nature and connection essential to the other parts of the statute, nor so related to the general purpose of the enactment as to warrant the conclusion that the Legislature would have refused to adopt it with the invalid part stricken out."

See also *State, ex rel. Allen,* v. *Ferguson* (1951), 155 Ohio St. 26, 45, 97 N. E. 2d 660.

In our opinion, there is no reason to conclude that the General Assembly would not have enacted the other portions of the paragraph of Section 4123.59, Revised Code, quoted above, without those portions of division 2 which read "or partial disability as provided in Division (A) of Section 4123.57 of the Revised Code," especially in view of the provisions of Section 1.13, Revised Code, which read:

"Each section of the Revised Code and every part of each section is an independent section and part of a section, and the holding of any section or a part thereof to be unconstitutional, void, or ineffective for any cause does not affect the validity or constitutionality of any other section or part thereof."

Plaintiff's husband was injured in 1962. The amend-

ment of Section 4123.59, effective thereafter in 1963, eliminated the provisions of that statute which would have enabled plaintiff to sustain her claim for the July 7, 1965 death of her husband, more than three years after his compensable injury, on the ground that his "disability on account of the injury" had been "continuous from the date of injury to the time of the death * * *."

Plaintiff's brief suggests that, to the extent the 1963 amendment so prevents her from enforcing a claim on account of her husband's death, that statutory amendment conflicts with those provisions of Section 28 of Article II of the Ohio Constitution, which read:

"The General Assembly shall have no power to pass retroactive laws * * *."

It is well settled that the rights of a claimant for benefits on account of the death of a workman under the workmen's compensation laws of this state are such as provided for by the laws in effect at the time of the death of such workman. *State, ex rel. Jones & Laughlin Steel Corp., v. Dickerson* (1953), 160 Ohio St. 223, 115 N. E. 2d 833; *Industrial Commission v. Kamrath* (1928), 118 Ohio St. 1, 160 N. E. 470; *State, ex rel. Slaughter, v. Indus. Comm.* (1937), 132 Ohio St. 537, 9 N. E. 2d 505.

Hence, the plaintiff had no vested rights which were impaired by the amendment of Section 4123.59, Revised Code, which became effective before her husband's death and before her right to death benefits accrued.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and final judgment is rendered for the Administrator of the Bureau of Workmen's Compensation.

*Judgment reversed.*

O'NEILL, DUNCAN and CORRIGAN, JJ., concur.
SCHNEIDER, J., concurs in the judgment.
MATTHIAS and KERNS, JJ., dissent.

KERNS, J., of the Second Appellate District, sitting for HERBERT, J.

KERNS, J., dissenting. After a careful review of the majority opinion, I have nothing but respect for the ability of my colleagues to delve so deeply into the legislative mind, but in view of the object and purpose of Section 4123.59, Revised Code, and upon examining its historical development, I have been unable to find even a mild hint that the General Assembly would have enacted the subject statute in the revised form adopted by the majority in its determination of this case.

It is not, of course, a judicial function to refurbish legislation. Hence, our scope of inquiry should be limited to what the General Assembly did rather than to what it could or ought to have done.

In this context, it appears to me that the requirements and conditions necessary to establish a right to death benefits, as set forth in the first paragraph of Section 4123.59, Revised Code, are cast from the same mold and operate generally upon the same class of people.

Significantly, the subject statute is not in any sense a statute of limitations, and this court has recognized the separate and independent nature of claims for death benefits as distinguished from the forerunning claims for compensation for the injuries which ultimately caused the death of an employee. *Industrial Commission* v. *Kamrath*, 118 Ohio St. 1. A widow's cause of action under the statute is not premised in any way upon consideration of the kind which controls the usual third-party beneficiary situation. Rather, her statutory right is exclusive. *Industrial Commission* v. *Davis*, 126 Ohio St. 593. Indeed, if the rights of a workman and the rights of a dependent are not distinct and unrelated, then the rights of the plaintiff-appellee in this case would have accrued prior to the amendment to the subject statute in 1963 and she would undoubtedly be eligible for death benefits. See *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Dickerson,* 160 Ohio St. 223.

In the *Davis case,* the court alluded to the following explanatory language:

"'* * * the two claims are quite distinct, no part of

either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he dies, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. * * *' "

It reasonably follows, therefore, in view of the facts of the present case, that the injured workman cannot have bargained away the present rights of a dependent widow any more than she could have abrogated his right to compensation during lifetime. Manifestly, a spouse cannot, by accepting lump-sum compensation instead of periodic payments for his injuries, waive a distinct statutory right which is conditioned upon his demise.

Under the statute in its present form, two widows whose husbands were injured on the same day in the same accident and thereafter died on the same day can be treated in a different manner. They have no discretion in the matter. Although their respective rights are identical, one may receive death benefits and the other cannot.

In order for a general law to operate uniformly, it must apply equally to members of the class to be affected, and it must embrace all persons who are or may be in like situations and circumstances. *State, ex rel. English,* v. *Indus. Comm.,* 160 Ohio St. 443.

Section 4123.59, Revised Code, as it pertains to the facts of the present case, does not meet these constitutional standards. Hence, the plaintiff-appellee should receive such benefits as her case warrants. See *Rufft* v. *Keller,* 17 Ohio App. 2d 79.

In my opinion, the judgment of the Court of Appeals should be affirmed.

Matthias, J., concurs in the foregoing dissenting opinion.