DELOZIER, APPELLANT, *v.* SOMMER, ADMR. BUR. OF
WORKMEN'S COMP. ET AL., APPELLEES.

[Cite as Delozier v. Sommer (1973), 35 Ohio App. 2d 201.]

(No. 32348—Decided August 30, 1973.)

*Mr. Gary M. Spector,* for appellant.
*Mr. James J. McGarry,* for appellees.

KRENZLER, J. Plaintiff filed a complaint in the Common Pleas Court of Cuyahoga County alleging that her husband was an employee of the International Development Corporation of Cleveland, and that said employer was amenable to and complied with the workmen's compensation laws of Ohio. On March 3, 1966, while in the course of and arising out of his employment, her husband was injured. Within the statutory period of time plaintiff's husband filed his application for payment of compensation with the Bureau of Workmen's Compensation. The claim was allowed for a cerebral hemorrhage with left-sided paralysis resulting from said injury. Compensation was paid to the decedent until the time of his death on January 26, 1970. Plaintiff alleges that the death of her husband resulted from the aforementioned injury, which occurred on March 3, 1966.

Plaintiff further states that on April 1, 1970, she filed her application for the payment of death benefits with the Bureau of Workmen's Compensation within the statutory period of time; and that on April 8, 1971, her claim came

before the deputy administrator who found that he was without jurisdiction to consider the claim because death did not ensue within a period of three years after the injury, nor was compensation paid for total disability for any portion of the year next preceding date of death, nor was there medical proof on file supplied by a licensed physician to show that the decedent was entitled to an award of compensation had not death ensued. The deputy administrator, therefore, dismissed plaintiff's claim.

Plaintiff then filed her notice of appeal to the Cleveland Board of Review, which came on for hearing on July 21, 1972. The board of review denied the claimant's appeal and affirmed the administrator's decision.

Plaintiff then filed her notice of appeal in the Court of Common Pleas and with the Industrial Commission. The defendant-appellee filed a motion to dismiss, which was granted, and the appeal was dismissed by the trial court.

Plaintiff-appellant has appealed to this court and assigns as error that the Common Pleas Court of Cuyahoga County erred in granting the defendant-appellee's motion to dismiss her appeal.

Appellant's principal contention is that R. C. 4123.59 (2) provides that if an injury sustained by an employee causes his death, and if compensation for total or partial disability on account of the injury which caused his death has been paid for any portion of the year next preceding the date of death, death benefits shall be paid; and that this section authorizes the payment of benefits to her.

Defendant-appellee contends that the case of *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, declared R. C. 4123.59(2) unconstitutional insofar as providing that partial disability payments were made. In other words, it is the contention of defendant-appellee that that language concerning partial disability was stricken from the statute by the Supreme Court.

In *Emmons*, the plaintiff's petition alleged that her husband was injured on January 9, 1962, and that the injury was received in the course of and arose out of his employment, and directly and proximately caused his death on July 7, 1965,

R. C. 4123.59, prior to October 1, 1963, provided for death benefits if (1) death ensued within two years of the date of injury or (2) compensation or disability on account of the injury was continuous from the date of the injury to the date of death of the injured employee.

Effective October 1, 1963, R. C. 4123.59 was amended to read, insofar as pertinent:

"In case an injury to or an occupational disease contracted by an employee causes his death and if (1) his death ensues, within a period of three years after the injury or the beginning of disability due to the occupational disease, or (2) compensation for total disability, or partial disability as provided in division (A) of Section 4123.57 of the Revised Code, on account of the injury or occupational disease which caused his death has been paid for any portion of the year next preceding the date of the death of such employee, or (3) the administrator or Industrial Commission finds that a decedent, who applied for compensation as described in division (2) of this paragraph, and who was examined by a licensed physician, would have been entitled to an award of compensation had not death ensued * * *."

In *Emmons*, the plaintiff challenged the constitutionality of the 1963 amendment as discriminatory because death benefits may not be paid under R. C. 4123.59(1) when a person dies more than three years after an injury, but death benefits may be paid when a person dies more than three years after an injury if compensation was paid within one year of the death of such employee under R. C. 4123.59(2).

The plaintiff in *Emmons* contended that if the first paragraph of R. C. 4123.59 were declared unconstitutional, together with the section of the legislative act which repealed R. C. 4123.59 as it existed before 1963, she could recover under the statute in effect before the 1963 amendment. In other words, if the 1963 amendment were declared unconstitutional, plaintiff could recover under the law in effect before such amendment.

The Court of Appeals in *Emmons* declared R. C. 4123.-59 unconstitutional in that it did not treat persons in the

same class equally, since subdivision (1) of the statute provides that death must ensue within a period of three years after the injury or beginning of disability, while subdivision (2) provides for death benefits even though death ensues more than three years after the injury.

The Supreme Court in *Emmons* noted that application of R. C. 4123.59(2) concerning "partial disability" could lead to arbitrary and capricious results, but if that part of the statute were stricken, the remaining portion would not lead to arbitrary or capricious results or result in denial of equal protection of the law. If such a revision in the statute were made, the remaining portions would not enable the plaintiff to prevail.

The Supreme Court did not clearly and unequivocally declare R. C. 4123.59(2), dealing with "partial disability" unconstitutional, nor did it strike this language from that section. It merely asserted that if this language regarding "partial disability" were unconstitutional and stricken from the statute, it would not affect the validity of the balance of the statute, nor would it permit plaintiff to recover.

The Supreme Court concluded that the law in effect at the time of death controls and that because plaintiff's petition disclosed that the death of her husband did not ensue within three years after the injury which caused his death, nor was compensation for disability on account of that injury paid for any portion of the year preceding his death and there was no application pending for such compensation, the plaintiff did not have the right to recover under R. C. 4123.59, as amended in 1963.

It is noted that *Emmons* v. *Keller, supra,* was decided on January 14, 1970, and that the Ohio Legislature amended R. C. 4123.59, effective September 20, 1971, and reenacted the language "* * * or partial disability as provided in division (A) of Section 4123.57 of the Revised Code * * *." While not controlling, this indicates that the Legislature also believed that the "partial disability" phrase of R. C. 4123.59(2) was not stricken and held unconstitutional by the Supreme Court in *Emmons* v. *Keller, supra.*

It is our decision that R. C. 4123.59(2) provides that

death benefits shall be paid if compensation for partial disability were paid for any portion of the year next preceding the date of death of such employee. In the present case, compensation was paid to the decedent for partial disability within one year of his death.

R. C. 4123.59(2) vests the Bureau of Workmen's Compensation with jurisdiction in this case.

Appellant's assignment of error is well taken and the judgment of the Common Pleas Court is reversed and the cause is remanded for further proceedings according to law.

*Judgment. reversed.*

MANOS, C. J., JACKSON, J., concur.