DeLozier, Appellee, *v.* Sommer, Admr., Bureau of
Workmen's Compensation, Appellant, et al.

(No. 73-843—Decided June 19, 1974.)

*Mr. Gilbert Weil, Mr. Gary M. Spector* and *Mr. Harold Ticktin*, for appellee.

*Mr. William J. Brown*, attorney general, *Mr. Michael J. Hickey* and *Mr. James J. McGarry*, for appellant.

PAUL W. BROWN, J. The issue before us concerns the vitality of that part of the first paragraph of R. C. 4123.-59 dealing with "* * * partial disability as provided in division (A) of Section 4123.57 of the Revised Code * * *," as part of the conditions established in R. C. 4123.59 for the payment of compensation where an individual dies of a work-related injury or illness. The present court admit-

ed this case for the purpose of reexamining the conclusion of *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, and particularly paragraph two of the syllabus of that case. We are of the opinion that the facts before the *Emmons* court did not form a sound basis for a conclusion of constitutional infirmity, and hence that part of the syllabus does not have the conclusive force of law.

The *Emmons* case involved, as does the instant case, a claimant seeking workmen's compensation benefits for the death of her husband. The *Emmons* decedent had died more than three years after the date of injury, but, unlike the decedent in this case, had received no disability payments of any kind during the year next preceding the date of death.

On the date of death of the decedent in *Emmons*, R. C. 4123.59 set forth the benefits to be paid to dependents of a decedent where:

"* * * an injury to or an occupational disease contracted by an employee causes his death, and if (1) his death ensues within a period of three years after the injury or the beginning of disability due to the occupational disease, or (2) compensation for total disability, *or partial disability as provided in Section 4123.57 of the Revised Code,* on account of the injury or occupational disease which caused his death has been paid for any portion of the year next preceding the date of the death of such employee* * *." (Emphasis added.)

R. C. 4123.59 was amended *subsequent to the Emmons decision,* without substantial change.

The *Emmons* claim could prevail only if both portions of the above-quoted statutory language were declared invalid.

In *Emmons* the court in effect said that even if it were to declare part of this statutory paragraph unconstitutional, the remaining valid portion of the paragraph would bar consideration of the claim. Having said that, the opinion need not have continued to discuss the conditional portion of its hypothesis. The reasoning on this point demonstrates

that there was no need to declare any portion of the statute unconstitutional.

The continued discussion of the questionable constitutional validity of that part of the statutory paragraph can be faulted upon another ground. That discussion purports to demonstrate from a recitation of consequences of the operation of the statute upon other fact situations that it would in those hypothetical situations have an arbitrary and capricious effect.

That discussion represents an unfortunate departure from the approach long taken by this court in situations where the constitutionality of a statute is in issue, viz.:

"Where, under one state of facts, the operation of a statute is constitutional, a court will not declare it invalid because under another state of facts, not inolved, its operation would be unconstitutional." Paragraph one of the syllabus in *Herbert* v. *Ferguson* (1944), 142 Ohio St. 496.

Neither the facts in *Emmons,* nor those in the instant case, support a finding that the effect of the questioned portion of R. C. 4123.59 is so erratic as to make it necessary for that court or this one to find it unconstitutional.

We are compelled to hold suspect paragraph two of the syllabus in *Emmons,* for where a court reaches a conclusion on a constitutional question not necessary to the disposition of the case, and bases that conclusion upon facts unrelated to the controversy before it, that conclusion does not necessarily attain the compelling force of law even though made a part of the syllabus of the case.[2]

[2]Appellee argues that because it is conditional rather than declarative, paragraph two of the syllabus in *Emmons* is *obiter dictum* rather than a statement of law. The general rule in Ohio has long been that the syllabus states the law of the case (see 94 Ohio St. ix), but this court has in certain instances held some parts of the syllabi of earlier cases to be less than a conclusive statement of the law. Chief Justice Taft, who authored the opinion of the court in *Emmons, supra,* recognized in *Denison University* v. *Board of Tax Appeals* (1965), 2 Ohio St. 2d 17, 28, and *Markota* v. *East Ohio Gas Co.* (1951), 154 Ohio St. 546, that the fact of placement of a statement in a syllabus paragraph does not transform dictum into a conclusion of law. The confusion generated

Consequently, we do not consider *Emmons* to have disturbed the presumption of constitutionality afforded the "partial disability" clause of R. C. 4123.59 in common with other legislative pronouncements. See, *e. g., In re Receivership of Wisser & Gabler* (1966), 5 Ohio St. 2d 89; *State, ex rel. Clark,* v. *Brown* (1965), 1 Ohio St. 2d 121. Nor do the facts before us raise a new challenge to the constitutionality of the statute. The undisputed fact that decedent was receiving partial-disability compensation in the year next preceding his death entitles appellee to have her claim for compensation considered. Therefore, the judgment of the Court of Appeals is in accordance with law, and we affirm.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, CELEBREZZE and W. BROWN, JJ., concur.

HERBERT and STERN, JJ., concur in the syllabus and in the judgment.

---

by paragraph two of the syllabus in *Emmons* is readily seen in *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131, where this court proceeded upon the mistaken assumption that *Emmons* "specifically held a portion of the first paragraph of R. C. 4123.59 to be unconstitutional," and then applied the *Emmons* approach to its own examination of R. C. 4123.57.