KINNEY, APPELLEE, *v.* KAISER ALUMINUM & CHEMICAL CORP., APPELLANT, ET AL.

(No. 73-921—Decided February 12, 1975.)

*Messrs. Clayman & Jaffy* and *Mr. Stewart R. Jaffy,* for appellee.

*Mr. Jack L. Johnson,* for appellant.

O'NEILL, C. J. Under Ohio's workmen's compensation law, an allegation in a claim for death benefits that a workman died as the direct result of an industrial injury is insufficient to vest the Administrator of the Bureau of Workmen's Compensation with jurisdiction to determine the claim. R. C. 4123.59 establishes three separate and alternative jurisdictional prerequisites to the consideration of such a claim: (1) The death must have occurred within three years of the injury; or (2) the workman must have

received total or partial disability compensation for the injury during any portion of the year preceding death; or (3) the Administrator must find that the workman applied for total or partial disability compensation, was examined by a licensed physician and would have been entitled to compensation had he not died.

In this case, the Administrator expressly found that none of those jurisdictional prerequisites was met. Additionally, the record clearly discloses that Daniel Bradley's death occurred more than three years after he sustained the allegedly fatal industrial injury and that he did not receive compensation for either total or partial disability in any portion of the year preceding death. Since appellee is unable to meet any of the jurisdictional prerequisites set forth in R. C. 4123.59, her claim can be considered only if those prerequisites are struck down as being unconstitutional. The Court of Appeals so held, and this court affirms that judgment on the basis that the jurisdictional prerequisites violate the Equal Protection and Due Process Clauses of the Ohio and United States constitutions.[2]

---

[2]Section 35, Article II of the Ohio Constitution provides, in part, that the General Assembly may pass laws determining "the terms and conditions upon which payment [from the workmen's compensation fund] shall be made * * *." Appellant contends that the power so granted to the General Assembly is not modified or restricted by any other provision of the state Constitution. There is case law in Ohio supporting that contention. *State, ex rel. Boswell,* v. *Indus. Comm.* (1932), 125 Ohio St. 341, 181 N. E. 476 (paragraph two of the syllabus). However, in *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131, 267 N. E. 2d 318, a unanimous court, although not expressly overruling the second paragraph of the syllabus of *State, ex rel. Boswell,* v. *Indus. Comm.,* firmly rejected the rule stated therein and held that fundamental constitutional concepts such as "equal protection" and "due process" are applicable to workmen's compensation legislation. This holding was not disturbed by *DeLozier* v. *Sommers* (1974), 38 Ohio St. 2d 268, 313 N. E. 2d 386, which overruled paragraph two of the syllabus of *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, 254 N. E. 2d 687, upon which the court in *Fleischman* v. *Flowers* relied to buttress its conclusion. As pointed out in *DeLozier,* the fatal flaw in *Emmons* v. *Keller* was its invocation of hypothetical situations to declare a statutory provision unconstitutional. *DeLozier* did not resurrect the rule born in *State, ex rel. Boswell,* v. *Indus. Comm.* and laid to rest in *Fleischman* v. *Flowers.*

The limitations placed upon governmental action by the Equal Protection Clauses of the Ohio and United States constitutions are essentially identical. See *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143, 205 N. E. 2d 363; *State, ex rel. Struble,* v. *Davis* (1937), 132 Ohio St. 555, 9 N. E. 2d 684. Although equal protection of the laws does not totally prevent legislative classification, it does require the existence of reasonable grounds for making a distinction between those within and those outside a designated class. *State* v. *Buckley* (1968), 16 Ohio St. 2d 128, 243 N. E. 2d 66; *Porter* v. *Oberlin, supra.* The "reasonableness" of a statutory classification is dependent upon the purpose of the Act. *Carrington* v. *Rash* (1964), 380 U. S. 89; *McLaughlin* v. *Florida* (1965), 379 U. S. 184. It is within those parameters that the jurisdictional prerequisites of R. C. 4123.-59 must be analyzed.

Ohio's system of workmen's compensation is predicated upon Section 35, Article II of the Ohio Constitution. That constitutional provision states that one objective of such a system is to compensate dependents of workmen "for death * * * occasioned in the course of such workmen's employment." Clearly, the major purpose of R. C. 4123.59 is to fulfill this objective  However, the jurisdictional prerequisites contained in that statute classify dependents of deceased workmen into two groups, those who can meet one or more of the prerequisites and those who can not, and automatically preclude the consideration of a claim for death benefits filed by a member of the latter group. If given an opportunity to present evidence, it is certain that some members of the excluded group could prove a causal connection between an industrial injury and the subsequent death of the workman.³ Therefore, one effect of the classifications established by the jurisdictional prerequisites of R. C. 4123.59 is, in some cases, to ob-

---

³See, *e. g., Rufft* v. *Keller* (1968), 17 Ohio App. 2d 79, 244 N. E. 2d 509, in which the parties stipulated that an industrial injury was the direct and proximate cause of the decedent workman's death, even though the workman's dependent could not satisfy any of the jurisdictional prerequisites contained in R. C. 4123.59.

struct the fulfillment of one objective of Section 35, Article II and the major objective of R. C. 4123.59.

Despite this obstruction, the jurisdictional prerequisites could be upheld if it were shown that they were rationally related to the accomplishment of some state objective at least as important as the objective of compensating dependents of workmen whose deaths are occasioned in the course of serving their employers.

Appellant has failed to advance any purpose served by the jurisdictional prerequisites. However, it is apparent to this court that their sole function is to prevent approval of claims filed by dependents of workmen whose deaths were not causally connected to any industrial accident or occupational disease. This function is more aptly described by the phrase, "administrative ease." The effect of the jurisdictional prerequisites in question is to establish a conclusive presumption that there is no causal connection between a work injury or occupational disease and death if the dependents of the deceased workman can not satisfy one or more of the statutory preconditions. The conclusive presumption relieves the Bureau of Workmen's Compensation from the duty of conducting an evidentiary hearing and formulating a decision on the issue of causality.

However, recent United States Supreme Court decisions have struck down, as violative of due process, state statutes creating conclusive presumptions erected for "administrative ease." In *Vlandis* v. *Kline* (1973), 412 U. S. 441, 451, the court observed that "* * * [t]he state's interest in administrative ease and certainty cannot, in and of itself, save the conclusive presumption from invalidity under the Due Process Clause where there are other reasonable and practicable means of establishing the pertinent facts on which the state's objective is premised. * * *" See, also, *Stanley* v. *Illinois* (1972), 405 U. S. 645; *Carrington* v. *Rash, supra.* Attainment of the objective underlying the jurisdictional prerequisites of R. C. 4123.59—compensation of only those dependents who can prove the necessary

causal connection between the death of a workman and an industrial injury or occupational disease—can be approached by a method which is "reasonable and practicable" and does not automatically eliminate a whole class of claims without considering the merits of each. This method is, of course, the utilization of the evidentiary hearing for every disputed claim for death benefits. Difficulty in separating meritorious claims from groundless claims could be drastically minimized by placing the burden of proving causal connection between injury or occupational disease and death upon the claimant. This could be accomplished without new legislative action; under R. C. 4123.515, the Administrator of the Bureau of Workmen's Compensation has wide discretion in establishing the procedural rules that govern hearings on disputed claims.

Therefore, it is the holding of this court that the jurisdictional prerequisites set forth in R. C. 4123.59 are unconstitutional. This holding necessitates the overruling of the first paragraph of the syllabus in *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, 254 N. E. 2d 687, which upheld the three-year jusisdictional prerequisite contained in R. C. 4123.59. The sole reason set forth in that opinion to support this ruling was that "[o]ur prior decisions indicate that such a provision would be valid." *Emmons* v. *Keller, supra*, at 51, citing *State, ex rel. Bessler* v. *Indus. Comm.* (1952), 157 Ohio St. 297, 105 N. E. 2d 264; *State, ex rel. Efford*, v. *Indus. Comm.* (1949), 151 Ohio St. 109, 84 N. E. 2d 493; and *State, ex rel. Lourin*, v. *Indus. Comm.* (1941), 138 Ohio St. 618, 37 N. E. 2d 595. Reliance by the *Emmons* court upon those cases was misplaced. Each of those cited cases involve a claim for death benefits predicated upon silicosis and hence governed by a statutory time rule applicable only to that cause of death. Such a rule may be grounded upon medical factors which provide a reasonable basis for special treatment. In the only case of the three to raise a constitutional argument, *State, ex rel. Lourin*, v. *Indus. Comm., supra*, this court, at page 622, impliedly recognized this possibility by upholding the statu-

tory procedure on the basis that the claimant had not rebutted the ''strong presumption that classifications in state legislation are based on adequate grounds.''

However, the specific method of rebutting the presumption of constitutionality which attaches to every legislative enactment necessarily differs from statute to statute. The validation of a statute creating special rules for silicosis death claims is only remote, and to this court unpersuasive, authority for upholding the jurisdictional prerequisites of R. C.. 4123.59, which apply generally to all death claims. This court believes that appellee has rebutted the presumption of constitutionality which surrounded the jurisdictional prerequisites of R. C. 4123.59.

For the foregoing reasons, the judgment of the Court of Appeals that the jurisdictional prerequisites of R. C. 4123.59 are unconstitutional is affirmed. However, there is no need to remand this cause to the Court of Common Pleas as the Court of Appeals did. Instead, the cause is hereby remanded to the Bureau of Workmen's Compensation for further proceedings consistent with this decision.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.