FRANCIS, APPELLANT, v. CHRYSLER CORPORATION ET AL., APPELLEES.

(No. 7620—Decided April 9, 1975.)

*Mr. Ralph Rudd* and *Mr. Ben Sheerer,* for appellant.

*Mr. Walter E. de Bruin,* for appellee Chrysler Corporation.

MAHONEY, J.  While at work, on June 22, 1970, plaintiff Dan Francis, the appellant herein, attempted to lift a conveyor which had fallen on the hand of a fellow employee. In doing so, he apparently injured his left arm and shoulder. Four days later, he went to the company dispensary for treatment with regard to these injuries. He was treated by a doctor, who was a salaried employee of the Chrysler Corporation. The doctor diagnosed the injury as external epicondylitis and prescribed a treatment consisting of the application of an ace bandage, and a prescription for tandearil and aspirin, as needed. Plaintiff again visited the dispensary on September 16, 1970, reporting the recurrence of the symptoms and the same treatment was prescribed by the doctor.

On October 18, 1972, plaintiff filed a formal written claim for workmen's compensation with the Ohio Industrial Commission as a result of the June, 1970, injury. This claim was disallowed by the administrator on the ground that the injury was not sustained in the course of plaintiff's employment. An appeal of this finding was made to the Canton Regional Board of Review. The board ruled that it had no jurisdiction to consider the claim since the application was not filed within two years as required by R. C. 4123.84. The Industrial Commission refused to hear a subsequent appeal by plaintiff.

Thereafter, plaintiff filed an appeal with the Court of Common Pleas, which found in favor of the defendant on cross-motions for summary judgment. From this judgment, plaintiff appeals.

Plaintiff says the trial court erred:

"I. In holding that the employment of a licensed physician on a full time basis does not constitute, within the meaning of Revised Code Section 4123.84(A)(2)(b), and Section 4123.84(B)(2), a payment by the self-insured employer, Chrysler Corporation, Appellee, on behalf of its employee, Dan Francis, Appellant, for a medical bill to a licensed physician when the physician has provided to the employee medical services of examination, diagnosis, and prescription of medicines and other treatment.

"II. In failing to hold that Revised Code Section 4123.-84(B)(2) when interpreted as not to include compensation to a licensed physician by salary instead of on a fee-for-service basis violates the Ohio Constitution, Article II, Section 26, and the Fourteenth Amendment, Clause I., of the United States Constitution.

"III. In holding that the plaintiff-appellant's Workmen's Compensation claim was not timely filed, because barred by the statute of limitations contained in Revised Code Section 4123.84, and rendering judgment for the appellees, Chrysler Corporation and Anthony Stringer, Administrator of the Ohio Bureau of Workmen's Compensation."

The first assignment of error is without merit. R. C. 4123.84 provides:

"Claims barred after two years; exceptions.

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workmen's compensation;

"(2) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau;

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, inclusive, and 4123.64 to 4123.-67, inclusive, of the Revised Code.

"(3) Written notice of death has been given to the commission or bureau.

"(B) As used in division (A)(2)(b) of this section, 'benefits' means payment by a self-insured employer to, or on behalf of, an employee for:

"(1) A hospital bill;

"(2) A medical bill to a licensed physician or hospital;

"(3) An orthopedic or prosthetic device. * * *"

R. C. 4123.84 was enacted to place a limitation on the time in which a claim for a work related injury may be filed and to provide for exceptions which would toll the two year statute. These exceptions all have one thing in common; they all provide some sort of notice of a claim to the entity which will ultimately provide the compensation and benefits. There is sound reasoning behind the inclusion of these exceptions in R. C. 4123.84, when they are considered in light of the purposes behind the statute. The first is to facilitate prompt medical attention for the injury; the second is to provide the employer, or commission, with an opportunity for immediate investigation of the circumstances of the accident. 3 Larson, *Workmen's Compensation,*

Section 78.30 (1973). Both of these purposes reflect the need for timely notice, which is provided by the exceptions set forth in R. C. 4123.84.

In determining the meaning of the term "medical bill," as used in R. C. 4123.84(B)(2), the lower court relies heavily on Young, *Workmen's Compensation Law of Ohio*, Section 13.15 (2d ed. 1971). Mr. Young reviews the history of R. C. 4123.84 and points out how the 1963 amendment to R. C. 4123.84 (which included the language contained in R. C. 4123.84[B][2]) was promulgated to limit the methods by which an employee could put his employer, who was a self-insurer, on notice as to an injury sustained by him in the scope of his employment.

Therefore, in light of the statutory history and purpose, we find that there is a meaningful difference between an employer paying a doctor bill and an employer paying a salary to a doctor. This difference lies in the fact that when an employer pays a doctor bill for a specific injury, he is on notice of a possible workmen's compensation claim. Whereas, the payment of a salary to a physician does not supply any notice to the employer of any specific accident or injury. Were we to adopt the interpretation urged by the plaintiff, we would, in effect, be vitiating the 1963 amendments to R. C. 4123.84 and restoring it to the 1959 definition of benefits. Such is the result, in effect, reached by the court in the unreported case of *Harrison* v. *Sommer, Admr.*, No. 3982, Court of Appeals for Montgomery County, 1973.

Plaintiff next argues that the second assignment of error is the obverse of the first assigned error by the trial court in that by interpreting R. C. 4123.84(B)(2) as not to include a salary paid to a licensed physician as benefits, the statute then denies plaintiff equal protection of the laws under the Fourteenth Amendment of the United States Constitution, and Section 26, Article II, of the Ohio Constitution.

We disagree. We are mindful, of course, that workmen's compensation is a constitutional creation (Section 35, Article II, Ohio Constitution) to provide "compensation for workmen and their dependents, for death, injuries or occupational disease occasioned in the course of such

workmen's employment * * *." To that end, R. C. 4123.84 provides that the statutory provisions should be liberally construed in favor of employees. Likewise, Section 35 took away the employee's common law actions against his employer.

However, we fail to see how R. C. 4123.84(B) (2) invidiously discriminates against the worker in the factory of a self-insurer. He can toll the statute by filing a written claim with the Industrial Commission, whether employed by a self-insurer or a regular contributor to the fund. As an employee of a self-insurer, the plaintiff has the same options as his fellow employees of filing a written notice or submitting a bill of a licensed physician for payment. If he elects to receive treatment in some form other than by a hospital, or a licensed physician he can still file a written notice. The classifications urged by plaintiff are really artificial sub-classes. In reality, it actually takes less for an employee of a self-insurer to toll the statute than it does for an employee of a nonself-insurer. We do not feel that the reasoning of *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131, *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, or *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, are applicable to this case. The giving of notice to the self-insurer was reasonable grounds for the legislative classifications of specified, but limited benefits necessary to toll the statute. We cannot, therefore, inquire into the wisdom of such legislation.

The plaintiff's third assignment of error is a summation of the first two errors and, as such, the reasoning we have applied under them shall likewise apply to the third, which we also overrule. The judgment of the trial court is affirmed.

*Judgment affirmed.*

Victor and Harvey, JJ., concur.

Harvey, J., retired, of the Court of Common Pleas of Summit County, assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Ninth Appellate District.