SHOWALTER, APPELLANT, *v.*
A. C. WILLIAMS CO. ET AL., APPELLEES.

(No. 1322—Decided November 28, 1983.)

*Ms. Esther S. Weissman,* for appellant Edward J. Showalter.

*Mr. Robert Meeker, Mr. Sidney Foster, Jr., Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Thomas Ciccolini,* for appellees A. C. Williams Co. *et al.*

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Portage County, wherein the court sustained the motion of defendants-appellees to dismiss the complaint.

Plaintiff-appellant was employed as a foundry worker by defendant-appellee A. C. Williams Co. from September 1972 until April 1973. From April 1973 until July 1974, appellant was employed as a lathe operator by Flintkote Company. Appellant became ill and medical examinations revealed that he was afflicted with granulomas pneumoconiosis silicosis.

On June 18, 1976, appellant was examined by a physician for the Bureau of Workers' Compensation who determined that he was vocationally disabled as a result of exposure to hazardous substances on the job sites of Williams or Flintkote or both.

Appellant filed a claim for an occupational disease with the Bureau of Workers' Compensation. On April 8, 1976, the district hearing officer issued an order disallowing appellant's claim. This decision was affirmed by the Regional Board of Review on September 25, 1978.

On August 6, 1979, the Industrial Commission denied review of the Regional Board's affirmance. On November 19, 1979, appellant filed a notice of appeal pursuant to R.C. 4123.519 to the Portage County Court of Common Pleas. Appellee filed a motion to dismiss on the grounds that the court of common pleas lacked jurisdiction as the appellant's one-year employment with Williams did not qualify him to recover for the injury, pursuant to R.C. 4123.68. The court granted the motion to dismiss. This appeal followed.

The current statute does not require a specific exposure time period. R.C. 4123.68(Y), as amended January 1, 1979, states:

"* * *

"Chapter 4123. of the Revised Code does not entitle an employee * * * to compensation * * * for disability * * * from silicosis, asbestosis, or coal miners' pneumoconiosis unless the employee has been subject to injurious exposure to silica dust * * *, asbestos, or coal dust in his employment in this state preceding his disablement, some portion of which has been after October 12, 1945, except as provided in the second to last paragraph of section 4123.57 of the Revised Code.

"* * *"

The result is that while prior to the January 1, 1979 amendment a worker had to have three years' exposure prior to disability, the amendment to R.C. 4123.68 took away any specific exposure period.

### Assignment of Error No. I

"I. The amendment to the Revised Code Section 4123.68(Y), effective January 1, 1979, is remedial and applies to the current action."

Appellant contends that the amendment of R.C. 4123.68 was remedial in nature and, as such, is applicable to this action. *State, ex rel. Michaels,* v. *Indus. Comm.* (1956), 165 Ohio St. 599 [60 O.O. 599] stands for the proposition that "laws of a remedial nature providing rules of practice, courses of procedure, or

methods of review are applicable to any proceedings conducted after the adoption of such laws."

The amendment of 4123.68 related to the time of exposure to silica dust, asbestos, or coal dust required before a person would be entitled to compensation for such a condition. This change is substantive in nature and as such, cannot be given retroactive application. *Kacian* v. *Illes Constr. Co.* (1970), 24 Ohio App. 2d 43 [53 O.O.2d 159].

Furthermore, the district hearing officer made his order on April 12, 1976, and the Canton Regional Board affirmed the hearing officer on September 25, 1978. The amendment of 4123.68 did not become effective until January 1, 1979. It follows that the case was initiated and decided by both the district hearing officer and the Regional Board prior to the amendment's becoming effective.

### Assignment of Error No. II

"II. The statutory provision controlling at the time Appellant's cause of action arose is unconstitutional."

Appellant maintains that 4123.68 is unconstitutional due to the three-year exposure requirement. This contention is not well-founded. The legislature can impose jurisdictional requirements for application of injury claims, where such classifications are not unreasonable, arbitrary, and have a rational relationship to a permissible governmental objective. *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120 [70 O.O.2d 206]. Examination of the statute in question does not betray any constitutional infirmities which would require reversal on equal protection grounds.

In addition, appellant did not raise this issue in the court of common pleas. He is accordingly foreclosed from raising it for the first time in the court of appeals.

### Assignment of Error No. III

"III. There is sufficient evidence proving that Appellant's injuries were

caused by conditions at Defendant-Appellee's premises to award recovery."

The record does not demonstrate that the exposure to the silica dust occurred at the business of Williams. This is due to the fact that the concentration of silica dust could not be measured due to the closing of plant operations. It is, therefore, an open question as to what was the source of the occupational disease contracted by appellant. All that is known for certain is that appellant has the disease. Without proof of a culpable party, the issue of liability must be resolved against appellant.

*Judgment affirmed.*

COOK, P.J., and STILLMAN, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment in the Eleventh Appellate District.