WELSH, Admr., et al., Appellees,

v.

SHERWOOD et al., Appellants.

[Cite as *Welsh v. Sherwood* (1998), 126 Ohio App.3d 571.]

Court of Appeals of Ohio,
Fifth District, Stark County.

Nos. 1997CA00317 and 1997CA00323.

Decided March 9, 1998.

*William B. Shelter* and *David B. Spalding*, for appellees.

*Ralph F. Dublikar*, for appellant Motorists Mutual Insurance Company.

*Donald P. Wiley*, for appellant General Casualty Insurance Company.

READER, Judge.

On January 7, 1997, Eleni Marie Welsh died as a result of a motor vehicle accident, caused by the negligence of Thomas P. Sherwood. At the time of the accident, Fannie Welsh was pregnant with Eleni. Shortly after the accident, Fannie gave birth to Eleni, who died a few hours later. Appellee Keith Welsh, as administrator of the estate of Eleni, brought a wrongful death action against Thomas Sherwood, appellant Motorists Mutual Insurance Company, and appellant General Casualty Company of Wisconsin.

At the time of the accident, Thomas Sherwood was insured by a policy with limits of $100,000 per person and $300,000 per occurrence. Sherwood's insurance carrier settled with appellees for $100,000. The settlement was approved by the Stark County Probate Court, and the proceeds were divided as follows: Keith Welsh—$41,000; Fannie Welsh—$41,000; Angela Dorsey—$3,000; David Welsh—$7,500; and Catheline Welsh—$7,500.

At the time of the accident, the decedent's grandparents, David and Catheline Welsh, had a policy of insurance with appellant Motorists Mutual providing underinsured motorist coverage in the amount of $100,000 per person and $300,000 per accident. Keith and Fannie Welsh were residents of the household of David and Catheline Welsh and were, therefore, insureds under this policy.

Also at the time of the accident, Fannie and Keith Welsh were named insureds under a policy of insurance with appellant General Casualty providing underinsured coverage with limits of $25,000 per person and $50,000 per accident. Because they were residents of the same household, this policy insured David and Catheline Welsh, and the decedent's half-sister, Angela Dorsey.

Appellees sought underinsured benefits pursuant to both policies. Appellants argued that appellees were not underinsured as defined by statute and by the applicable policies.

The Stark County Common Pleas Court entered summary judgment declaring that underinsured coverage was available pursuant to both the Motorists Mutual policy and the General Casualty policy.

Appellant Motorists Mutual appeals (case No.1997CA00317):

"Assignment of Error:

"The trial court erred in granting the plaintiff's motion for summary judgment and overruling the defendant's motion for summary judgment on the undisputed facts and by holding that each of the decedent's beneficiaries [was] entitled to make a separate per person claim against the defendant, Motorists Mutual Insurance Company's Policy."

Appellant General Casualty also appealed (case No.1997CA00323):

"Assignment of Error:

"An underinsured motorist policy provision providing that all claims resulting from bodily injury, including death, sustained by any one person in any one automobile accident are to be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person, is enforceable."

We consolidated the instant cases on appeal, as each appellant raises the same issue, and both cases arise from the same underlying action.

In *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, the Ohio Supreme Court considered the issue of the effect of a per-person limit on multiple wrongful death claimants. The policy at issue in Savoie merged multiple claimants in a wrongful death action into a single cause of action brought by the administrator. Therefore, the policy limited the multiple claimants to a single per-person recovery limit. The court in *Savoie* found that each person covered by an uninsured or underinsured motorist policy who is presumed to be damaged pursuant to the Wrongful Death Act has a separate claim subject to a separate per-person policy limit. *Id.* at paragraph four of the syllabus.

In response to *Savoie,* the legislature amended R.C. 3937.18:

"(A)(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorists coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.

"* * *

"(H) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident may, notwithstanding Chapter 2125 of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury,

including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."

It is undisputed in the instant case that the limits of the Motorists Mutual policy were identical to those of the tortfeasor's policy, and the limits in the General Casualty policy were lower than the limits of the tortfeasor's policy. Therefore, pursuant to R.C. 3937.18(A)(2), appellees are not entitled to underinsured motorist coverage under either policy if the wrongful death claim is treated as a single claim.

The trial court found that each wrongful death claimant possessed an individual claim, and as none of the beneficiaries received the per-person limit of $100,000 from the tortfeasor's insurance company, underinsured motorist coverage was available under both the Motorists Mutual and the General Casualty policies. The court erred in this determination.

Pursuant to R.C. 3937.18(H), a policy of insurance may include terms limiting wrongful death claimants to a single claim.

The Motorists Mutual policy specifically provides:

"When a limit of liability is shown in the Declarations for 'each person' for 'each accident,' the first paragraph of the Limit of Liability provision for Uninsured Motorists Coverage is replaced by the following:

"The limit of liability is shown in the Declarations for 'each person' for Uninsured Motorists Coverage is our maximum limit of liability for all damages including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident. * * *. This is the most we will pay regardless of the number of:

"* * *

"2. Claims made[.]"

The General Casualty policy provides:

"The limit of liability shown in the declarations for 'each person' for uninsured motorist coverage is our maximum limit of liability for all damages arising out 'bodily injury' sustained by any one person in any one auto accident. Subject to this limit for 'each person,' the limit of liability shown in the declarations for 'each accident' for uninsured motorist coverage is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.

"This is the most we will pay regardless of the number of 'insureds', claims made, vehicles or premiums shown in the declarations, or vehicles involved in the accident."

Both policies defined "bodily injury" to include death. Both policies limit the wrongful death claimants to a single "per person" claim, as allowed by R.C. 3937.18(H). Therefore, appellees are not underinsured pursuant to R.C. 3937.18(A)(2) under either the Motorists Mutual policy or the General Casualty policy.

The assignments of error are sustained.

The judgment of the Stark County Common Pleas Court is vacated. Pursuant to App.R. 12(B), we enter final judgment declaring that underinsured motorist coverage is not available to appellees under the policies of insurance issued by appellant General Casualty Insurance Company and appellant Motorists Mutual Insurance Company.

*Judgment accordingly.*

FARMER, P.J., and JOHN W. WISE, J., concur.