OPINION
On November 1, 1995, appellant, Mildred Dermer, was involved in an automobile accident wherein she was the passenger and the tortfeasor, John D. Wayne, was the driver. Ms. Dermer sustained injuries as a result of the accident. Owner of the vehicle was Ann Dermer. Said vehicle was insured under a policy issued to Ann Dermer by appellee, Globe American Casualty Company. The policy had uninsured/underinsured limits of $12,500 per person and $25,000 per accident. On October 24, 1997, appellant, together with her two children, filed a complaint against appellee, Mr. Wayne and Ann Dermer. Appellants claimed negligence and loss of consortium and sought money damages under the uninsured/underinsured portion of appellee's policy. On June 7, 1999, appellants filed a motion for summary judgment, claiming each member of appellant's family was entitled to assert their own loss of consortium claim and each claim was individually subject to the per person limit of coverage under the uninsured/underinsured portion of appellee's policy. Appellants also challenged the constitutionality of the applicable statutes. On July 13, 1999, appellee filed a motion for summary judgment claiming the maximum recoverable amount under its policy was the per person limit of $12,500. By memorandum of decision filed September 21, 1999, the trial court noted the only claims still pending were the consortium claims of appellant's two children and the only issue for determination was whether recovery was available under the uninsured/underinsured portion of appellee's policy. The trial court went on to find the applicable statutes were constitutional. The trial court granted appellee's motion for summary judgment and denied appellants' motion. Final judgment was entered via judgment entry filed October 5, 1999. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN HOLDING THAT CONSORTIUM CLAIMANTS HAVE NO CONSTITUTIONAL RIGHT OF RECOVERY WHEN THE U.I.M. POLICY LIMITS ARE EQUAL TO OR LESS THAN THE LIMITS OF THE TORTFEASOR.
 II THE TRIAL COURT ERRED IN HOLDING THAT CONSORTIUM CLAIMANTS HAVE NO RIGHT OF RECOVERY SINCE THE AMOUNT AVAILABLE FOR PAYMENT TO THE CONSORTIUM CLAIMANT IS ZERO.
 I
Appellants claim the trial court erred in finding the applicable statutes were constitutional. We disagree. At the outset, we note appellee argues that appellants failed to notified the Ohio Attorney General of the constitutional challenge to the applicable statutes and therefore, said failure is fatal to their claim. In support, appellee cites R.C. 2721.12. Said statute applies to declaratory judgment actions. The complaint herein was a complaint for negligence and loss of consortium. Also, appellants served the Ohio Attorney General with a copy of their summary judgment motion as evidenced in said document's certificate of service. On October 21, 1999, the Ohio Attorney General filed a notice of appearance and reservation of rights. Upon review, we find appellee's argument lacks merit. Appellants argue the provisions of R.C.3937.18 and S.B. No. 20 limiting multiple claimants to a single per person limit of coverage are unconstitutional. By memorandum of decision filed September 21, 1999, the trial court found the provisions were constitutional, noting the following: The treatment of multiple claims arising out of one bodily injury subject to a `per person' limit has been addressed by the Ohio Supreme Court and the Ohio Courts of Appeals in a number of cases. The issue has generated a high degree of dissent among the justices and Districts, leading to some confusion as to the current state of the law. Nevertheless, the Ohio Supreme Court has found, in Beagle v. Walden (1997), 78 Ohio St.3d 59, 63-63, that Ohio Revised Code section 3937.18, as amended in October of 1994, is not unconstitutional.
* * *
Further guidance is provided this court by the Fifth District Court of Appeals which, under the statutory authorization of Ohio Revised Code section 3937.18(H), has held that an insurance company may, by contract, limit multiple claimants' recovery from an insurer to the `per person' limit provided for in an insurance policy. See Welsh v. Sherwood (1998), 126 Ohio App.3d 571, 574
(`Pursuant to R.C. 3937.18(H), a policy of insurance may include terms limiting wrongful death claimants to a single claim.').
Appellants' arguments herein were also addressed by this court in Stickney v. State Farm Mut. Auto. Ins. Co. (October 19, 1998), Richland App. No 98CA7, unreported, and Jones v. Speelman (August 31, 1998), Stark App. No. 1998CA00093, unreported. We note the undersigned counsel of appellants herein was also counsel of record in the Stickney appeal. In Stickney at 3-4, this court reviewed a Section 19a, Article I, Ohio Constitution challenge and held the following: We have previously addressed this issue in Plott v. Colonial Insurance Co. (February 23, 1998), Stark App. No. 1997CA00203, unreported, wherein this court held as follows:
Although the Ohio Supreme Court did not pass upon this issue in Beagle v. Walton (sic) (1997), 78 Ohio St.3d 59, at least one court of appeals has addressed this specific challenge in the case of Smith v. Mancino (Apr. 30, 1997), Summit App. No. 17969, unreported. In determining that R.C. 3937.44 does not violate Article I, Section 19a of the Ohio Constitution, the court first noted that the constitutional provision at issue has been held to prohibit only the enactment of laws that place a specific limitation on the amount of damages recoverable by the survivors. Id. at 3, citing Kennedy v. Byers (1923), 107 Ohio St. 90, 96; Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995),108 Ohio App.3d 96, 108.
* * *
Based upon Chief Justice Moyer's reasoning in his dissent in Savoie [v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500], the court in Smith held that civil damages recoverable for wrongful death are not limited by R.C. 3937.44; rather the code speaks only to the contractual agreement between the tortfeasor and his or her underwriting insurance company. Smith at 4. We find neither R.C.3937.18(H), which contains "limits of liability" language, nor R.C. 3937.44 violate Article I, Section 19a of the Ohio Constitution.
In Jones, this court reviewed a trial court's decision that a provision in the applicable insurance policy limiting the loss of consortium claims to a single per person limit was unenforceable. In reversing this decision, this court reviewed the argument that R.C. 3937.44 was unconstitutional because it violated an individual's right to a remedy, holding as follows: In Beagle vs. Walden (1997), 78 Ohio St.3d 59, 64, the Supreme Court of Ohio concluded that the amendments to R.C. 3937.18 caused by Senate Bill 20 did not unconstitutionally destroy a remedy. We believe this reasoning is equally applicable to R.C. 3937.44, which was also part of Senate Bill 20. See, Scancarello vs. Erie Insurance Company (July 25, 1996), Franklin App. No. 96APE02-166, unreported. * * * Senate Bill 20 did not deprive appellees of a meaningful right to a remedy; it only subjected the amount they may recover from the insurance carrier to the limits set out in the policy.
Based upon the foregoing, we find the trial court did not err in finding the applicable statutes were constitutional. Assignment of Error I is denied.
 II
Appellants claim the trial court erred in finding they were entitled to only the per person coverage limit of $12,500. We disagree. In its brief at 10, appellee notes "appellants' second assignment of error is nonsensical." We agree. The central issue is whether the policy herein contained appropriate language to limit the applicable coverage. Appellee's policy in Part III, Limits of Liability, sets forth the following limits for uninsured/underinsured liability: The limits of liability shown in the Declarations apply subject to the following:
 1. The limit for `each person' is the maximum amount we will pay for all damages for bodily injury to one person in one accident. Damages for bodily injury to one person includes all injury and damages to others resulting from that bodily injury including, but not limited to: loss of society, loss of companionship, loss of services, loss of consortium and wrongful death.
* * *
 There shall be no stacking of the limit of liability shown in the Declarations for coverage and that limit is the maximum amount we will pay for all damages for bodily injury from any one accident, regardless of the number of:
 a. Insured persons or insured cars; b. Claims made or causes of action that arise; c. Separate premiums charged for this coverage on different insured cars; or d. Vehicles involved in the accident.
Based upon these provisions and our decision relative to "limiting language" in Stickney, we find the trial court did not err in finding appellants were entitled to only the per person coverage limit of $12,500.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
 ____________________________________ FARMER, J.
GWIN, P.J. and MILLIGAN, V.J. concur.