Plaintiffs-appellants Nicholas W. J. Kleinsmith, et al. appeal from the February 11, 2000, Judgment Entry of the Richland County Court of Common Pleas granting defendant-appellee Allstate Insurance Company's Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE
On or about April 18, 1997, appellant Nicholas W. J. Kleinsmith was injured when the automobile in which he was driving was struck by an automobile driven by James Keck. Appellant Nicholas W. J. Kleinsmith recovered the $12,500.00 liability limits from Integon Insurance Company, Keck's insurer. At the time of the accident, appellant Nicholas W. J. Kleinsmith was an insured and covered person under an automobile insurance policy issued by appellee Allstate Insurance Company. Such policy included uninsured/underinsured motorist benefits in the amount of $12,500.00 per person and $25,000.00 per accident. On April 16, 1999, appellant Nicholas W. J. Kleinsmith, his wife, appellant Debra Kleinsmith and appellants Jeremiah Kleinsmith and Brittany Kleinsmith, his two minor children, filed a complaint for money, underinsured motorist benefits and declaratory judgment against appellee Allstate Insurance Company in the Richland County Court of Common Pleas. The complaint filed by appellants contained three separate loss of consortium claims. Appellee Allstate Insurance Company, on May 20, 1999, filed an answer to appellants' complaint. Subsequently, on November 22, 1999, appellee Allstate Insurance Company filed a Motion for Summary Judgment. Appellee, in its motion, argued that since appellants' $12,500.00 uninsured/underinsured motorist limits were identical to the tortfeasor's policy limits and since appellant Nicholas W. J. Kleinsmith had received $12,500.00 from the tortfeasor's policy, appellants were not underinsured. A memorandum in opposition to appellee's Motion for Summary Judgment was filed by appellants on December 20, 1999. Thereafter, the trial court, pursuant to a Judgment Entry filed on February 11, 2000, granted appellee's Motion for Summary Judgment holding, in part, as follows: Ohio Revised Code Section 3937.18(H), effective October 20, 1994, authorizes an insurer to limit derivative claims to a single per person limit:
Any automobile liability . . . policy of insurance that includes [uninsured or underinsured motorist coverage] . . . and that provides a limit of coverage for payment of damages . . . sustained by any one person in any one automobile accident may . . . include terms . . . that all claims resulting from . . . any one person's bodily injury . . . shall collectively be subject to the limit of the policy applicable to bodily injury . . . sustained by one person . . .
The insurance policy Allstate sold the Kleinsmiths has such a provision, and as a result, Mr. Kleinsmith's personal injury claim and the family's derivative claims are insured under a single $12,500.00 limit. The Kleinsmiths do not then have an underinsured claim because they have already received $12,500.00 for Mr. Kleinsmith's injury from Mr. Keck's insurer.
It is from the trial court's February 11, 2000, Judgment Entry that appellants prosecute their appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT OHIO LAW ALLOWS INSURERS TO LIMIT UNDERINSURED MOTORIST COVERAGE TO THE SINGLE PER PERSON LIMIT WHEN ONLY ONE PERSON HAS SUFFERED BODILY INJURY.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
It is based upon this standard we review appellants' assignment of error. I Appellants, in their sole assignment of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment. Appellants specifically contend that appellants Debra, Jeremiah and Brittany Kleinsmith are each entitled to assert their own loss of consortium claim and that each claim was individually subject to the $12,500.00 per person limit of coverage contained in the uninsured/underinsured portion of the policy issued by appellee to appellant Nicholas W. J. Kleinsmith. Appellants further assert that R.C.3937.18, as amended by S.B. 20, is unconstitutional. As is stated above, appellants initially argue that appellants Debra, Jeremiah and Brittany Kleinsmith's loss of consortium claims should be subject to a separate "per person" limit. Appellants maintain that, for such reason, the trial court erred in finding that they were entitled to a single per person limit of $12,500.00. We, however, disagree. The issue for determination is whether the policy issued by appellee in the case sub judice contained appropriate language limiting the applicable coverage. R.C. 3937.18(H) expressly permits liability insurance policies to include language which limits the available coverage. Such section states, in pertinent part, as follows: (H) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section . . . and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125 of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles, or premiums shown in the declarations or policy, or vehicles involved in the accident.
Pursuant to the above language, an insurer is permitted to include policy language providing that all claims arising from the bodily injury sustained by one person shall be considered collectively as a single claim subject to a single "per person" limit. The automobile insurance policy issued by appellee to appellant Nicholas W. J. Kleinsmith in this matter states, in relevant part, as follows under Part V — Uninsured Motorists Insurance: Limits of Liability The uninsured motorists limit stated on the policy declarations is the maximum amount payable for this coverage by this policy for any one accident. This means the insuring of more than one auto for other coverages afforded by this policy will not increase our limit of liability beyond the amount shown on the policy declarations.
Regardless of the number of insured autos under this coverage, the specific amount shown on the policy declarations for:
1. "each person" is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury. 2. "each accident' is the maximum that we will pay for damages arising out of bodily injury to two or more persons in any one motor vehicle accident. This "each accident" limit is subject to the "each person" limit.
Any amount payable to or for an insured person or additional insured person under this coverage will be reduced by all amounts paid by the owner or operator of the uninsured auto or anyone else legally responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.
This language clearly and unambiguously limits coverage for all claims arising out of and resulting from the bodily injury sustained by one person (Nicholas W. J. Kleinsmith) to the single "each person" limit of $12,500.00. This court previously has found "limits of liability' language similar to the language at issue in the case sub judice to be permissible and legally enforceable. See Plott v. Colonial Ins. Co. (1998), 126 Ohio App.3d 416 and Welsh v. Sherwood (1998),126 Ohio App.3d 571. In the case sub judice, appellant Nicholas W. J. Kleinsmith received $12,500.00, the limits of the tortfeasor's insurance policy. Appellants' own insurance policy had uninsured/underinsured motorist limits of $12,500.00 per person. Under the express language of the policy, appellants, therefore, are not entitled to uninsured/underinsured motorist benefits since they have already received $12,500.00 for appellant Nicholas W. J. Kleinsmith's injury from the tortfeasor's insurance company. See Dermer v. Wayne (April 4, 2000), Fairfield App. No. 99CA00064, unreported and Steinbach v. State Farm Mut. Auto. Ins. Co. (May 22, 2000), Licking App. No. 99CA00064, unreported. Appellants further maintain that the amount of set off should be the amount actually recovered by each claimant rather than the amount "available for payment" under the tortfeasor's per person limit. R.C.3937.18(A)(2) provides, in relevant part, as follows: (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured. (Emphasis added.)
However, we concur with our brethren from the Seventh District in King v. Western Reserve Group (1997), 125 Ohio App.3d 1, wherein the court held as follows:: We note that the `available for payment' language was introduced by Senate Bill 20 and that in the pre-amended version of the statute, the set off provision allowed the insurer to deduct `those amounts actually recovered.' Hence, the General Assembly has expressed its intent to expand the benefits to an insurer under the set off provision to amounts available to, but not necessarily recovered by, an insured." (Emphasis added). Id. at 9. See also Littrell v. Wigglesworth (Mar. 13, 2000), Butler App. Nos. CA-99-05-092, CA-99-08-14, unreported. In the case sub judice, appellants are not underinsured since the $12,500.00 limit of liability contained in the tortfeasor's insurance policy is equal to the $12,500.00 in underinusred motorist coverage contained in the Allstate policy issued to appellant Nicholas W.J. Kleinsmith. Appellee is permitted to set off the $12,500.00 received by appellants from the tortfeasor against the $12,500.00 "each person" limit in the subject insurance policy. See Steinbach, supra. Appellants, therefore, were not entitled to underinsured motorist coverage from appellee. Appellants, in their first assignment of error, also argue that R.C. 3937.18, as amended by S.B. 20, is unconstitutional since it violates Article I, Section 16 of the Ohio Constitution. Article I, Section 16 of the Ohio Constitution states, in relevant part, as follows: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, . . ." Previously, this Court, in the case of Haddad v. State Farm Mut. Auto. Ins. Co., (2000), Stark App. No. 1999CA00262, held that S.B. 20, as codified at R.C. 3937.18, does not violate Article I, Section 16 of the Ohio Constitution. In so holding, we specifically stated, in part, as follows: In Beagle v. Walden (1997), 78 Ohio St.3d 59], Justice Cook, in her opinion, in which Chief Justice Moyer and Justice Lundberg Stratton concurred, addressed the issue whether R.C. 3937.18(A)(2) destroyed a remedy created by Savoie. The Justices disagreed and concluded that Savoie was not based upon constitutional or common-law principles of full recovery in torts.
While Beagle did not create law upon which this court can rely, we agree with Justice Cook's analysis. Justice Cook wrote that R.C. 3937.18
is a result of legislative policymaking and that coverage in accordance with R.C. 3937.18 is not a common law right. Any contractual right to coverage is not protected by Section 16, Article I of the Ohio Constitution. Beagle, 78 Ohio St.3d at 64, 676 N.E.2d 506. "To the extent that the legislature may exercise its policy making authority to alter the contractual relationship between insurer and insured to provide greater protection to the insured, it may also limit or remove those protections once given." Id. at 64, 676 N.E.2d 506 (citing Byers v. Meridian Printing Co. (1911), 84 Ohio St. 408, 422, 95 N.E. 917).
At least one court of appeals has addressed appellant's specific challenge. The Third District Court of Appeals considered this issue in the case of Ott v. Borchardt (March 31, 1998), Seneca App. No. 13-97-47, unreported, 1998 WL151076. In determining that R.C. 3937.18(A)(2) does not violate Article 1, Section 16 of the Ohio Constitution, the court first noted that the constitutional provision at issue has been held to prohibit only the enactment of laws that prevent an injured party from seeking a remedy by bringing an action against the tort feasor. The Ott court found that the right involved in regards to S.B. 20 and underinsured motorist coverage is not the constitutional right to a remedy but only a right granted under a contract of insurance, which can be limited by the tort feasor through authorization of a statute. The injured party retains the right to bring an action against a tort feasor. We agree.
As this court found in Plott v. Colonial Insurance Company (Feb. 23, 1998), Stark App. No. 1997 CA00203, unreported 1998, WL172845, in discussing R.C. 3937.44, another portion of S.B. 20, the Revised Code speaks only to the contractual agreement between the injured insured and his or her underwriting insurance company, not to one's right to bring an action against the tort feasor. Alteration of the contractual relationship between an insurer and insured does not impinge one's constitutional right to seek remedy through an action against the tort feasor.
See also Jones v. Speelman (Aug. 31, 1998), Stark App. No. 1998CA00093, unreported.
Appellants further maintain that R.C. 3937.18, as amended by S.B. 20, violates the Equal Protection provisions of the Ohio and United States Constitutions. Article I, Section 2 of the Ohio Constitution provides, in pertinent part, as follows: All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform or abolish the same, whenever they may deem it necessary . . .
In turn, the Fourteenth Amendment to the United States Constitution provides, in part, that no state shall "deny to any person within its jurisdiction the equal protection of the laws." "The limitations upon governmental action by the Equal Protection Clauses of the Ohio and United States Constitutions are essentially identical." Kenney v. Kaiser-Aluminum and Chemical Corp. (1975), 41 Ohio St.2d 120, 123. This Court expressly found in Haddad, supra., that S.B. 20, as codified at R.C. 3937.18, does not violate Equal Protection. In so holding, we held as follows: We agree with the Third District Court of Appeals Ott decision. The Ott court found that the passage of R.C. 3937.18(A)(2) does nothing more than permit insurers to set off amounts available for the payment from a tort feasors liability against the limits of their own insureds underinsured motorist coverage. As the Supreme Court noted in Beagle:
 R.C. 3937.18 places a statutory obligation on all motor vehicle liability insurers to offer uninsured/underinsured motorists coverage. To this extent, the parties' freedom to contract is superceded in furtherance of important public policy concerns. In placing this obligation on insurers, the General Assembly dictates the terms of the mandatory offering of uninsured/underinsured motorists coverage . . . because the obligation to offer uninsured/underinsured motorists coverage is rooted in public policy and imposed by the legislature, the legislature is free to velimit (sic) the obligation.
Beagle, 78 Ohio St.3d at 64, 676, N.E.2d 506.
Thus, the Supreme Court explained that, because the industry's freedom to contract is restricted by the legislative enactment in the first place, the legislature rightly may define the limits of that restriction. Moreover, insureds are free to reject uninsured/underinsured motorist coverage altogether if the terms of such coverage are repugnant to them. As noted in the Beagle court, "differences in treatment based on the individual contract between the insurer and the insured do not impinge upon a fundamental right or burden a suspect class "of citizens". Id. at 63-64, 676 N.E.2d 506. Therefore, there is no violation of the equal protection clause. "The only classifications of insureds treated differently under R.C. 3937.18(A)(2) are those limits who, by contract, have chosen different policy limits." Id. at 63, 676 N.E.2d 506. We find that S.B. 20, as codified at R.C. 3937.18 does not violate Ohio's equal protection clause.
Finally, appellants claim that the language contained in R.C. 3937.18(H) is ambiguous. Appellants specifically cite to the recent case of Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, for the proposition that the phrase ". . . damages . . . suffered by any person under the policy" is ambiguous since "damages" are not limited to bodily injury. However, the Court in Moore addressed the issue of whether the above language contained in 3937.18(A)(1) was ambiguous. Since the court in Moore never addressed the issue of the ambiguity of 3937.18(H), we find appellants' argument unpersuasive. Accordingly, for the foregoing reasons, appellants' sole assignment of error is overruled.
The judgment of the Richland County Court of Common Pleas is affirmed.
 _____________________ Edwards, J.
Wise, P.J. and Milligan, V.J. concurs